## LILLIAN M. KANE
### vs.
## JANUS H. KANE

Superior Court          Hartford County          File #53644

Present:   Hon. ERNEST A. INGLIS, Judge.

Josiah H. Peck,                        Attorney for the Plaintiff.

Buckley, Creedon & Danaher,      Attorneys for the Defendant.

## MEMORANDUM FILED OCTOBER 20, 1936.

INGLIS, J. The gist of the complaint in this action is that the plaintiff was the owner of a valuable ring which was lost, that the defendant had insured the ring against loss by burglary or otherwise and that upon the loss of the ring the defendant was paid the sum of $1700. by the insurance company which sum he still retains.

The plaintiff bases her claimed cause of action upon the doctrine of unjust enrichment. The basis of that doctrine, however, is that it is unjust for a defendant to retain a benefit which has come to him provided that the benefit has come to him at the expense of the plaintiff.

**Schleicher vs. Schleicher, 120 Conn. 528, 534.**

In this case a benefit has come to the defendant but it has not been at the expense of the plaintiff.

A policy of insurance is a personal contract and the benefit of it does not run with the ownership of the property insured.

**Joyce, Insurance, 2nd Ed. Vol. 1, page 118 Sec. 23.**

In this case, therefore, the plaintiff took no benefit under the contract which the defendant had with the insurance company. Her interest in the ring was uninsured. If she herself carried no insurance on her interest in the ring, when the ring was lost she had nothing in its place. Accordingly the payment made by the insurance company to the defendant took nothing out of the plaintiff's pocket. The money came into the defendant's hands without the plaintiff being deprived by that payment of anything to which she was entitled. The defendant was enriched it is true, but not at the expense of the plaintiff. Clearly, therefore, the doctrine of unjust enrichment does not apply.

For the foregoing reasons the demurrer is sustained.