CBS Surgical Group, Inc. *v.* Marion Holt et al.

Appellate Session of the Superior Court

File No. 851

556

Argued October 14, 1980 – decided February 6, 1981

*John R. Whelan,* for the appellant (defendant).

*Richard Gee,* for the appellee (plaintiff).

DALY, J. The defendant Alfred Maringola has appealed from a judgment rendered against him in the amount of $2000 for medical services performed by the plaintiff's surgeon for the named defendant, Marion Holt.[2]

The trial court found the following facts: The plaintiff's surgeon amputated Holt's leg, which necessitated her confinement in a nursing home until her death. The defendant was a friend of Holt for many years and during her hospital stay and confinement, cashed her checks, handled her financial affairs, ran errands and otherwise befriended her. Although a special confidential relationship developed between the defendant and Holt, there was no legal fiduciary relationship.

The plaintiff received no payment for its medical services at the time they were rendered, but subsequently discovered that a $2000 check, drawn by Medicare and made payable to Holt, had been sent to her in response to a claim based on the services provided by the plaintiff's surgeon. The defendant was

---

[2] Alfred Maringola is actually the sole defendant, since Marion Holt was never served nor made a party to this action. All references to the defendant in this opinion are to Maringola.

contacted, and he admitted that Holt gave him the check to cash with instructions to return the proceeds to her. The court found that the defendant never returned the proceeds but, instead, was unjustly enriched when he wrongfully converted the proceeds to his own use.[3] The defendant's unjust enrichment was the basis of the court's decision in favor of the plaintiff.

The defendant's first claimed error is that the plaintiff should not have prevailed in this action on the ground of unjust enrichment. Because we agree with the defendant, it is not necessary to consider his other two claimed errors.

The cases cited by the parties demonstrate that unjust enrichment is a component of two distinct methods of recovery. Compare *Providence Electric Co.* v. *Sutton Place, Inc.,* 161 Conn. 242, 246, 287 A.2d 379 (1971); *Cecio Bros., Inc.* v. *Greenwich,* 156 Conn. 561, 564, 244 A.2d 404 (1968); *Franks* v. *Lockwood,* 146 Conn. 273, 277–78, 150 A.2d 215 (1959) with *Zack* v. *Guzauskas,* 171 Conn. 98, 103–104, 368 A.2d 193 (1976); *Hieble* v. *Hieble,* 164 Conn. 56, 60–61, 316 A.2d 777 (1972); *Worobey* v. *Sibieth,* 136 Conn. 352, 359, 71 A.2d 80 (1949). The first method of recovery is based on a theory of quasi-contract or quantum meruit. It applies " 'whenever justice requires compensation to be given for property or services rendered under a contract, and no remedy is available by an action on the contract.' 5 Williston, Contracts (Rev. Ed.) § 1479. 'A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of

---

[3] Prior to trial, the defendant admitted that he cashed the check, but that the proceeds had been stolen from his car. At trial, he testified that he gave the proceeds to Holt who lived in a dormitory room with approximately twenty-two other people. The proceeds were never found.

another.'" (Citations omitted.) *Cecio Bros., Inc.* v. *Greenwich,* supra; *Kane* v. *Kane,* 4 Conn. Sup. 262, 263 (1936).

"Three essential elements must be established in order that a plaintiff may establish a claim based on unjust enrichment. These elements are: 1. A benefit conferred upon the defendant by the plaintiff; 2. An appreciation or knowledge by the defendant of the benefit; and 3. The acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." 12 Williston, Contracts (3d Ed. Jaeger) § 1479, p. 276; see *Providence Electric Co.* v. *Sutton Place, Inc.,* supra; *Cecio Bros., Inc.* v. *Greenwich,* supra.

There is neither a finding nor evidence to support a finding that the first element has been met in this case. The surgery on Holt's leg performed by the plaintiff's surgeon did not confer any benefit upon the defendant. The only person who benefited from the surgery was Holt. The plaintiff's performance of its contractual obligation to provide medical services to Holt did not work any advantage to the defendant sufficient for equity to demand that he pay for those services.

It is true that the defendant was unjustly enriched by the proceeds from the check earmarked to compensate the plaintiff for its services. The defendant, however, was obligated to return the proceeds to Holt, not the plaintiff. It appears that Holt's estate, and not the plaintiff, is the proper party to bring an action based on unjust enrichment. See *Prudential Ins. Co.* v. *Somers,* 20 Conn. Sup. 351, 355–56, 135 A.2d 365 (1957); 1 Corbin, Contracts § 19, p. 47.

A second method of recovery on the theory of unjust enrichment is through the creation of a constructive trust. A party who has been unjustly enriched

may be transformed into a trustee of a constructive trust created for the benefit of the injured party. Before the constructive trust can be created, however, there must be a duty owed, or a fiduciary or otherwise special relationship between the parties. "Where there is no proof of an actual confidential relationship and the law looks only to a presumption of fraud arising out of the relationship of the parties to each other, that relationship must be one where there is ordinarily a special trust and confidence and the likelihood of the exercise of personal influence and control such that one would expect of the other fair dealing and mutual consideration." *Worobey* v. *Sibieth,* supra. "A constructive trust arises 'when the legal title to property is obtained by a person in violation, express or implied, of some duty owed to the one who is equitably entitled . . . .' 3 Pomeroy, Eq. Jur. (4th Ed.) p. 2370." *Van Auken* v. *Tyrrell,* 130 Conn. 289, 291–92, 33 A.2d 339 (1943); see *Hieble* v. *Hieble,* supra.

Although the court found a special confidential relationship between Holt and the defendant, there was no finding, nor would the evidence support such a finding, of a similar relationship between the plaintiff and the defendant. Nor was there any finding of a duty owing to the plaintiff by the defendant. Without one of these being present, the plaintiff's claim of unjust enrichment must be unsuccessful.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant, Alfred Maringola.

In this opinion SHEA and BIELUCH, Js., concurred.