[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Ocean and Coastal Consultants, Inc. seeks compensation for consulting services it rendered in connection with a real estate development known as Colony Beach Club. There are three defendants: Harley Associates, Ltd., Robert D. Hartmann; and Stuart A. Levinson. They deny liability. In addition, they raise a special defense which presents three issues. First, they claim the plaintiff agreed to charge no more than $4,500.00. Second, they claim the plaintiff agreed that defendants would not be required to pay until defendants obtained construction financing. Third, they claim plaintiff agreed that defendant Harley Associates, Ltd. would not be liable for the consulting service. The court, having considered the evidence and the parties' claims, finds plaintiff has established a claim for $5,592.23 against defendants Robert D. Hartmann and Stuart A. Levinson but has failed to establish a claim against Harley Associates, Ltd.
The plaintiff's claim for restitution is based on the legal CT Page 10109 doctrine of unjust enrichment. This doctrine, like quantum meruit, is applicable where no express contract has been entered into by the parties. While quantum meruit has been the form of action commonly pursued when the benefit received by the defendant is the services of the plaintiff, unjust enrichment may be utilized as a basis for recovery for the value of services rendered. Burns v. Koellmer, 11 Conn. App. 375, 382-84
(1987).
The doctrine of unjust enrichment involves an equitable test under which the court must examine the circumstances and the conduct of the parties and determine what "is just or unjust, equitable or inequitable, conscionable or unconscionable. . . ." Monarch Accounting Supplies, Inc. v. Prezioso, 170 Conn. 659, 666 (1976). To establish a claim under this doctrine, the plaintiff must prove that it conferred a benefit upon the defendants, that defendants had knowledge of the benefit, and that defendants accepted the benefit under circumstances as to make it unjust or inequitable for the defendant not to pay for the benefit. CBS Surgical Group, Inc. v. Holt, 37 Conn. Sup. 555, 558 (1981). The measure of damages for a claim of this nature is the reasonable value of the benefit conferred. Franks v. Lockwood, 146 Conn. 273, 278
(1959). The circumstances and conduct of the parties will be examined in the context of the three essential elements.
The first element is a benefit which is conferred on the defendants by the plaintiff. The plaintiff rendered services which benefited defendants Hartmann and Levinson. The plaintiff is an engineering firm which specializes in coastal and environmental engineering. In July of 1989, plaintiff was requested by a landscape architect to prepare an environmental report for a project in East Haven known as Colony Beach Club. The project involved the renovation and expansion of an existing beach club owned by Colony Beach Associates. The latter entity is a general partnership consisting of defendant Robert D. Hartmann and defendant Stuart A. Levinson. From July 27, 1989, to December 5, 1989, plaintiff performed services in furtherance of the project. It prepared an environmental report for submission by Colony Beach Associates to the Connecticut Department of Environmental Protection and the U.S. Army Corps of Engineers. On December 5, 1989, its president, Stanley M. White, testified on behalf of Colony Beach Associates before the East Haven Zoning Board. A written report prepared by plaintiff was submitted to the Board. The value of the services performed between July 27, 1989, and December 5, 1989, was $5,592.23. If these services had not been performed, the size of the project would have been reduced by the regulatory authorities. Defendants Robert D. Hartmann and Stuart A. Levinson, as owners of Colony Beach Associates, received the benefit of these CT Page 10110 services.
After the zoning hearing, plaintiff performed additional work. The value of this work, which consisted of a tide variation study, was $2,276.23. Defendants Hartmann and Levinson, as owners of the project, received the benefit of these services.
While the plaintiff has shown that defendants Hartmann and Levinson benefited from the consulting services, the plaintiff has failed to establish that defendant Harley Associates, Ltd. received a benefit from the consulting services. Harley Associates, Ltd. was retained by Colony Beach Associates to develop the beach club. This contractual relationship, however, is insufficient to establish the receipt of a benefit by Harley Associates, Ltd.
The second essential element of the plaintiff's claim is knowledge of the benefit. Robert D. Hartmann was aware, until December 5, 1989, that plaintiff was performing services in furtherance of the beach club project. At the outset, Stanley M. White notified Hartmann by letter that plaintiff had been asked to perform services in connection with the project and enclosed with the letter a rate schedule. White and Hartmann discussed the work during five telephone conversations. Hartmann was aware that the law firm which represented him had requested White to participate with others in preparing for the zoning hearing. Hartmann received monthly bills from plaintiff and received copies of correspondence concerning plaintiff's participation in the project. At the time plaintiff performed the first phase of its work, which was completed at the zoning hearing on December 5, 1989, Hartmann was aware of the nature and extent of the work. At the zoning hearing, Hartmann expressed concern to White that White was still working on the project. The evidence fails to show that Hartmann was aware White thereafter continued to perform work on the project. As noted above, the value of the plaintiff's services performed from July 27, 1989, to December 5, 1989, was $5,592.23.
The third essential element of the plaintiff's claim is acceptance of the benefit under circumstances as to make it unjust or inequitable for the defendants not to pay for the benefit. That defendants have failed to pay for the plaintiff's service is unjust. In their special defense, the defendants raised issues which relate to the equities of plaintiff's claim. They contend that White agreed to limit plaintiff's fee to $4500.00 and agreed to await payment until defendants obtained construction financing. They also contend plaintiff is bound by the provisions of a contract between Colony Beach Associates and the landscape architect. This contract contains the following CT Page 10111 provision:
 EDA agrees to a deferment of the standard payment schedules and understands that payment will be received for each of the particular Phases of Work by the client within a reasonable time period after the client receives project financing. Should the project be placed on hold, terminated, or abandoned, payment to EDA for professional services rendered, shall be due and payable from you through any source including personal accounts, within a period of time not to exceed one-year from the date the "Stop Work" order is given by your office on this project.
The above contractual provision merely indicates an intent on the part of Colony Beach Associates to defer payment to the landscape architect for no longer than one year. The provision does not evidence an intent to condition payment upon defendants' obtaining construction financing. Defendants, moreover, have failed to show that plaintiff is bound by the contract between the landscape architect and Colony Beach Associates. The defendants have also failed to show that the parties agreed on a limitation for the plaintiff's charges. The plaintiff gave an estimate of its charges but did not agree to perform the work for no more that $4,500.00.
Because Stuart A. Levinson is a general partner of Colony Beach Associates, he is liable under General Statutes 34-47 and 34-53 for Hartmann's activities on behalf of the partnership. The plaintiff has proven a claim for of $5,592.23. Each partner is jointly and severally liable.
Judgment shall enter for the plaintiff to recover $5,592.23 from defendants Robert D. Hartmann and Stuart A. Levinson. Judgment shall enter in favor of the defendant Harley Associates, Ltd.
THIM, JUDGE