[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' TO STRIKE FOURTH COUNT
This action arises out of the defendant, John Lepore's alleged wrongful conversion of monies belonging to the plaintiff, Claybeth Associates Limited Partnership. The first three counts directed against John Lepore, allege wrongful conversion of funds, breach of fiduciary duty and demand an accounting. The fourth count directed to the defendant, Carol Lepore, wife of John Lepore, seeks restitution and sounds in unjust enrichment and alleges that on at least three occasions John Lepore, without authority, issued checks drawn on the Claybeth account and endorsed them over to his wife, without consideration. Carol Lepore moves to strike the fourth count on the ground that not enough facts have been pleaded to sustain a cause of action for unjust enrichment.
Defendant claims that in an action for unjust enrichment, it must be alleged that defendant "appreciated or knew that the checks were wrongfully endorsed to her" by her husband.
Plaintiff, in opposing the Motion to Strike, claims that no such element of appreciation or knowledge of wrongdoing is required.
Both parties cite Connecticut cases to support their respective claims.
Our Appellate Court has stated that in order to recover under the doctrine of unjust enrichment
 "it must be shown that the defendants were benefited, that the benefit was unjust in that it was not paid for by the defendants, and that the failure of payment operated to the detriment of the plaintiff."
Burns v. Koellmer, 11 Conn. App. 375, 385 (1987) citing Monarch Accounting Supplies, Inc. v. Prezioso, 170 Conn. 659, 665-66
(1976).
In accord with this general rule that no element of appreciation or knowledge of wrongdoing by a defendant is required are Providence Electric Co. v. Sutton Place, Inc.,161 Conn. 242 (1971); Garwood Sons Const. Co., Inc. v. Centos Associated Ltd., 8 Conn. App. 185 (1986); Montanaro Bros. Builders, Inc. v. Snow, 4 Conn. App. 46 (1985); A C Corp. v. CT Page 6583 Pernaselci, 2 Conn. App. 264 (1984).
At least one Connecticut decision seems to require a showing of "appreciation or knowledge" on the part of defendant to sustain an action based on unjust enrichment. CBS Surgical Group, Inc. v. Holt, 37 Conn. Sup. 555 (1981). However, the decision in that case did not rest on the absence of that element. A recent unreported decision by Judge Dorsey in the Federal District Court for Connecticut, without citing any Connecticut authority, dismissed a complaint against the same defendant in this case because the complaint failed to allege any wrongdoing on her part or that she "had reason to know she was benefiting from illegal activity." (Gengras v. Fleet Bank of Connecticut, No. 2: 91 CV 0056 Ruling on Pending Motions, dated 4-8-92).
In Connecticut creditors have long been able to reach property transferred by a husband to a wife without consideration if actual intent to defraud creditors on the part of the husband is shown. Skinner v. Skinner, 154 Conn. 107
(1960). Whether such fraudulent intent existed is a question of fact for the trier. Ibid. p. 110. We are not aware that any allegation of wrongdoing or knowledge on the part of the transferee wife has been required.
In the present case it is alleged that John Lepore issued certain partnership checks to himself without authority, that they were endorsed to his wife without consideration, that she benefited from these transactions and was unjustly enriched to the detriment of the partnership. These allegations are sufficient to meet the criteria of Burns v. Koellmer, supra.
Motion to Dismiss Denied.
Wagner, J.