[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE (#115) CT Page 9039
The defendant in this case has moved to strike the fifth count of the plaintiff's revised complaint. That count alleges a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. 42-110a, et seq. I conclude that the allegations in the complaint are sufficient to withstand a motion to strike.
The revised complaint alleges that Culligan agreed to supply a water-purification system to CNF and furnish it on-site for a price of $466,000. It further alleges that Culligan made a number of misrepresentations in procuring the contract and was deficient in its performance in a number of ways. One of the allegation's is that Culligan promised that all the material and equipment it furnished would be new but that some of these materials were in fact used. (Culligan objects to CNF's reliance on representations not contained in the contract but, apart from the fact that a motion to strike is hardly the venue for such an objection, a portion of the contract recited in the complaint expressly promises new material.)
As is well-known, the Connecticut Supreme Court has adopted the Federal Trade Commission's "cigarette rule" for use in determining whether a practice is unfair: "`(1) Whether the practice without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law or otherwise — whether, in other words it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers.'" Conaway v. Prestia, 191 Conn. 484,492-93 (1983) (quoting FTC v. Sperry Hutchinson Co.,405 U.S. 233, 244-45 n. 5 (1972)). This list, however, refers only to practices that are not "deceptive." 191 Conn. at 492. A "deceptive" practice is a CUTPA violation by definition. Moreover, one of the primary categories of practices which the FTC has prohibited as unfair is the withholding of material information. A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 216 n. 9 (1990) (citing American Financial Services v. FTC, 767 F.2d 957,979 (D.C. Cir. 1985), cert. denied, 475 U.S. 1011 (1986)).
In Emlee Equipment Leasing Corp. v. Waterbury Transmission, Inc., 41 Conn. Sup. 575 (1991), I pointed out that, "`A simple breach of contract, even if intentional, does not amount to a violation of the Act; a [claimant] must show substantial aggravating CT Page 9040 circumstances to recover under the Act.'" Id. at 580 (quoting Bartolomeo v. S.B. Thomas. Inc., 889 F.2d 530, 535 (4th Cir. 1989)). I struck the CUTPA count in Emlee because it essentially alleged a simple breach of contract without substantial aggravating circumstances. Here, however, the plaintiff alleges more than a simple breach of contract. It alleges a number of misrepresentations that induced the contract and further alleges that used materials were supplied under the guise of new ones. These allegations invoke some of the legislative concerns in enacting CUTPA. Of course, these allegations might turn out to be unfounded or de minimus but at this stage the facts must be construed in the manner most favorable to the pleader.
The motion to strike is, consequently, denied.
Blue, J.