[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
On September 29, 1994, the plaintiff, Andre' K. Charbonneau, d/b/a Andre' Furniture Industries, filed a second amended six count complaint against defendants John G. Samsel, Jr., d/b/a Samsel Properties, Michael Levine and Buckland Meadow Associates, of which Michael S. Levine, Lawrence J. Andrus, and Mark D. Rubin are general partners. The plaintiff alleges the following:
During February, 1991, and March, 1991, the plaintiff and defendant Samsel entered into two agreements whereby the plaintiff agreed to construct cabinetry in two offices located in a South Windsor building owned by defendant Samsel. Pursuant to the first agreement, the plaintiff agreed to construct cabinetry in office space leased, or to be leased, to Kathleen Burr at a price of $15,314.40. Pursuant to the second agreement, the plaintiff was to construct cabinetry in an office to be leased to defendant Levine at a price of $648.00. The plaintiff completed the construction and, despite demand, has only been paid $2,000. On or about May 7, 1991, defendant Samsel transferred title to the South Windsor property to defendant Buckland Meadow Associates by warranty deed.
In the third count, the plaintiff claims that the cabinetry constructed pursuant to the first agreement between the plaintiff and defendant Samsel "constitutes a benefit conferred upon . . . Buckland Meadows Associates, by the plaintiff acting in good faith." The plaintiff further asserts that defendant Buckland Meadows Associates accepted the benefit of the cabinetry work and "at the time of the acceptance, knew or should have known that the plaintiff expected to be compensated for the same." CT Page 12258
In the fifth count, the plaintiff alleges that the cabinetry constructed pursuant to the second agreement between the plaintiff and defendant Samsel "constitutes a benefit conferred upon the defendant, Michael S. Levine, by the plaintiff acting in good faith." The plaintiff further asserts that defendant Levine "accepted the benefit of said cabinetry, and, at the time of acceptance, knew or should have known that the plaintiff expected to be compensated for the same."
On September 13, 1994, defendants Buckland Meadow Associates and Levine filed this motion to strike the third and fourth counts of the plaintiff's amended complaint, which was filed on July 2, 1994. At short calendar hearing before this court on November 7, 1994, these defendants agreed that the motion to strike was applicable to the third and fifth counts of the second amended complaint, and could be treated as if filed subsequent to the filing of the second amended complaint dated September 29, 1994.
 I.
The defendants have based their motion to strike on two grounds; first, that the plaintiff's allegations of quantum meruit and/or unjust enrichment are legally insufficient because those claims are equitable and the plaintiff has an adequate remedy at law, specifically, the mechanic's lien statute, General Statutes § 49-33, and that the plaintiff can only pursue these equitable remedies upon demonstrating that the mechanic's lien statute is inadequate.
General Statutes § 49-33(a) provides:
 If any person has a claim for more than ten dollars for materials furnished or services rendered in the construction, raising, removal or repairs of any building or any of its appurtenances . . . and the claim is by virtue of an agreement with or by consent of the owner of the land upon which the building is being erected . . . the building, with the land on which it stands . . . is subject to the payment of the claim.
This statute, on its face, does not state that it is an exclusive remedy that serves to bar the plaintiff from asserting common law causes of action. This court cannot by CT Page 12259 construction read into a statute provisions which are not clearly stated. Houston v. Warden, 169 Conn. 247, 251 (1975). Moreover, no appellate or superior court case law has been brought to our attention to support the claim that the mechanic's lien statute is an exclusive remedy. Other statutes, like the workmen's compensation act, General Statutes § 31-284(a), and the defective highway statute, General Statutes § 13a-149, do contain language providing that the particular statute is an exclusive remedy.
Because clear statutory language does not exist providing an exclusive remedy for the plaintiff, the motion to strike the third and fifth counts on this ground is not supportable.
 II.
Defendant Buckland Meadows Associates claims that the plaintiff has failed in count three to allege the essential elements of a quantum meruit and/or unjust enrichment claim because he has filed to allege that a "special confidential relationship" existed between it and defendant Buckland Meadow Associates. Further defendant Buckland Meadows Associates asserts that there is no allegation that it "had any appreciation or knowledge of any benefit bestowed upon it by the plaintiff nor is there any allegation that [it] accepted or retained these benefits such as to make circumstances equitable."
Unjust enrichment and quantum meruit are doctrines allowing recovery on the theory of restitution, that is, the restoration to a party of something of which he was deprived because of the unjust enrichment of another at his expense.Burns v. Koellmer, 11 Conn. App. 375, 383 (1987); see CBSSurgical Group. Inc. v. Holt, 37 Conn. Sup. 555 (1981);Providence Electric Co. v. Sutton Place. Inc., 161 Conn. 242,246 (1971). In order to state a claim based upon unjust enrichment, the plaintiff must allege the following three essential elements: 1. A benefit conferred upon the defendant by the plaintiff; 2. An appreciation or knowledge by the defendant of the benefit; and 3. The acceptance or retention under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value. CBS Surgical Group, Inc. v. Holt, supra, 558, citing 12 Williston, Contracts (3d Ed. Jaeger) § 1479, p. 276. CT Page 12260
In the third count of the second amended complaint, the plaintiff alleges in addition to the allegations summarized above, that Buckland Meadow Associates, "accepted the benefit of said cabinetry, and, at the time of the acceptance, knew or should have known that the plaintiff expected to be compensated for the same." Construing the facts alleged in a light most favorable to the plaintiff, the allegations in the third count are sufficient to support a claim for unjust enrichment. We find no authority, contrary to the assertion of the defendant, which requires the plaintiff to allege that there was a "special confidential relationship" between it and defendant Buckland Meadow Associates. Motion to strike the third and fifth counts of the second amended company is denied.
Wagner, J.