[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT(No. 117) DEFENDANTS' SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT (No. 123)
I. FACTUAL AND PROCEDURAL BACKGROUND
Beekley Corporation, the plaintiff, filed the current action in five counts against Barbara Doyle and Brian Doyle, the defendants. The November 1, 1995 amended complaint alleged: 1) breach of the employment agreement; 2) misappropriation of Beekley trade secrets; 3) tortious interference with contractual relationships; 4) unjust enrichment; and 5) CUTPA. The suit arose out of alleged actions of the defendant while an employee of the plaintiff and subsequent to her leaving plaintiff's employ. The plaintiff alleges the defendant Barbara Doyle, in conjunction with her husband, defendant Brian Doyle, illegally solicited Beekley customers from a proprietary customer list, marketed competitive radiopaque markers, and disparaged Beekley to Beekley customers. Lastly, the plaintiff alleges that Brian Doyle used proprietary Beekley products in developing the Doyles' own products for a company they were creating called Doyle Radiology Products Educational Services, LLC.
The plaintiff filed a Motion for a Temporary Injunction against the Doyles, dated March 24, 1995. The motion was granted by the court (Handy, J.) on April 10, 1995, effective through September 30, 1995. In the order, however, the court stated "The court finds no grounds to support the plaintiff's application on the basis that the defendants violated Section 35-52 of the Connecticut General Statutes." On September 27, 1995, the plaintiff filed for an extension of the temporary injunction, which was denied on October 4, 1995. The defendants CT Page 980 filed a Motion for Summary Judgment and memorandum of law, on September 27, 1995 and a Supplemental Motion for Summary Judgment with accompanying memorandum of law, on November 17, 1995, No. 123. The plaintiff filed an objection to the defendants' Motions for Summary Judgment with accompanying memorandum of law, on December 4, 1995. The court heard oral argument on December 4, 1995.
II. DISCUSSION
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."Miller v. United Technologies Corp. , 233 Conn. 732, 745,660 A.2d 810 (1995). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.). Catz v.Rubenstein, 201 Conn. 39, 48, 513 A.2d 98 (1986). "The party moving for summary judgment has the burden of showing the absence of any genuine issues as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Suarez v. Dickmont PlasticsCorp. , 229 Conn. 99, 105, 639 A.2d 507 (1994); Miller v. UnitedTechnologies Corp. , supra 233 Conn. 744.
The defendants move for summary judgment on counts 2, 3, 4 and 5 as to the plaintiff. They further seek to dismiss the entire complaint as to the defendant, Brian Doyle. Each matter will be addressed in order below.
1) Breach of the Employment Agreement
The plaintiff has provided evidence of a contract entered into between itself and the defendant, Barbara Doyle. The plaintiff has further provided the court with evidence that the contract contained a non-competition clause, restricting the defendant's post-employment activities and evidence that the defendant solicited Beekley customers after leaving plaintiff's employ. Lastly, the court has previously ruled that the non-competition clause was enforceable, in its ruling on the injunction. The defendant, on the other hand, alleges that she CT Page 981 was unaware of the non-competition clause in her employment contract. However, she does not dispute that she signed the contract with the restrictive clause.
Neither party disputes that the defendants were attempting to compete with the plaintiff. Thus, a genuine issue of material fact exists whether the defendants' competition violated the terms of the non-competition contract clause. Thus, summary judgment would be inappropriate as to the defendant, Barbara Doyle. However, no question of material fact exists as to Brian Doyle. There is no evidence of a contractual agreement between Brian Doyle and the plaintiff. The motion for summary judgement on Count One is granted as to Brian Doyle.
2) Misappropriation of Beekley Trade Secrets
Connecticut General Statutes § 35-51 defines trade secret as:
 (d) Notwithstanding the provisions of sections 1-19, 31-40j to 31-40p, inclusive, and subsection (b) of section 12-62, "trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, process, drawing, cost data or customer list that: (1) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.
The concept of a trade secret was expressed in Allen Mfg. Co.v. Loika, 145 Conn. 509, 516, 144 A.2d 306 (1958), where the court adopted the definition of a trade secret from the Restatement, 4 Torts 757; New England Ins. v. Miller, Superior Court, Judicial District of New Haven, Docket No. 285030 (April 16, 1991, Healey, STR).
In New England Ins., supra, the court held that the plaintiff's monthly production statements did not constitute a customer list and thus was not protected as a trade secret. CT Page 982 Id. The court stated "[T]he plaintiff has not demonstrated that it invested the time, effort and expenses in compiling the alleged customer lists that the cases indicate is necessary to factor into the conclusion they constitute a trade secret." Id.
In the present case, the defendants allege that they obtained all of the names of the hospitals solicited from the American Hospital Association (AHA) Guide. The plaintiff has failed to demonstrate that the names came from any proprietary source, i.e. a Beekley customer list. Even though the defendants admit soliciting former customers of the plaintiff, all of the hospitals solicited appeared in the AHA Guide. The plaintiff has failed to present evidence that the names used by the defendants were not obtainable through ordinary business channels. "[W]here the identity of the customers is readily ascertainable through ordinary business channels or through classified business or trade directories, the courts refuse to accord the list the protection of a trade secret." Town County House Home Service, Inc. v. Evans, 150 Conn. 314, 320,189 A.2d 390 (1963). Therefore, this court refuses to conclude that the defendants' solicitation of hospitals through the AHA Guide was the misappropriation of a trade secret.
Additionally, the plaintiff failed to demonstrate how it derived independent economic value, actual or potential, from the customer list not being generally or readily ascertainable. Further, the plaintiff's customers' names which were obtainable from the AHA Guide should not be protected as a trade secret. Since, the court has concluded that the defendants obtained the names from the AHA Guide, there is no genuine question of material fact as to whether the customer list constituted a trade secret. The defendants' Motion for Summary Judgment is granted as to any misappropriation of a customer list.
The radiopaque skin markers, the free edge skin markers, and other Beekley literature do not constitute trade secrets as defined, supra. The defendants have sustained their burden of demonstrating that the radiopaque technology and other Beekley literature and products were obtainable through ordinary business channels common in this field and in the public domain. "[M]atters which are generally or commonly known to the trade in which the putative trade secret owner is engaged cannot be viewed as trade secrets, . . . a matter cannot CT Page 983 be viewed as a trade secret `if it is well-known or readily ascertainable.' 1 Milgrim on Trade Secrets, 2.07[1]." New EnglandIns. v. Miller, supra.
The plaintiff has failed to demonstrate just what the defendants misappropriated or what proprietary information was misappropriated by the defendants in the development of their product line of radiopaque skin markers and free edge skin markers. No question of material fact exists as to whether the defendants misappropriated radiopaque technology or free edge skin marker technology. Thus, the defendants' Motion for Summary Judgment is granted as to the misappropriation of radiopaque technology or free edge skin marker technology.
The court affirms its prior decision rendered at the hearing for the injunction, when the court stated: "The court finds no grounds to support the plaintiff's application on the basis that the defendants violated Section 35-52 of the Connecticut General Statutes." "Where a matter has already been . . . heard and ruled on pursuant to a motion to suppress [in this case an injunction], the court on the subsequent trial, . . . may, . . . properly treat it as the law of the case, in the absence of some new or overriding circumstance." State v.Hoffler, 174 Conn. 452, 462-63, 389 A.2d 1257 (1978). Since the defendants have shown that no question of a material fact exists, the defendants' Motion for Summary Judgment is granted as to Count Two.
3) Tortious Interference with Contractual Relationships
"The elements of tortious interference are the existence of a contractual or beneficial relationship, the defendants' knowledge of that relationship, the intent to interfere with it and the consequent actual loss suffered by the plaintiff." Beizer v. Goepfert, 28 Conn. App. 693, 701,613 A.2d 1336, same case 224 Conn. 901 (1992), U.S. cert. denied113 S.Ct. 1416, 122 L.Ed.2d 786; Solomon v. Aberman, 196 Conn. 359,364, 491 A.2d 193 1985).
The plaintiff has failed to present to the court evidence of actual losses which is an essential element of tortious interference with contractual relationships. Although the plaintiff has alleged losses, the defendants have provided counter-evidence that the plaintiff has experienced product growth in sales of radiopaque markers and other products, the CT Page 984 subjects involved in this suit, during the entire period. Further, the defendants have provided the court with interrogatory responses of the plaintiff where the plaintiff was requested to specify the actual harm suffered and the plaintiff failed to so specify.
The plaintiff's allegation that the defendants made disparaging remarks to plaintiff's customers, which harmed the plaintiff's goodwill and sales, is insufficient proof of actual harm. "The law with regard to summary judgment can be clearly stated. . . . To create an issue of material fact, it is not sufficient that a party state legal conclusions or to state simply that a material issue of fact does exist." United OilCompany, Inc. v. Urban Redevelopment Company, 158 Conn. 364,260 A.2d 596 (1969). United Oil made it clear that some evidence is required in the counter-affidavits which shows the existence of such material facts either directly or in such a way that they may be `warrantably' inferred." Connecticut Bank Trust. v. Trolley Barn Corp. , Superior Court, Judicial District of New London at New London, Docket No. 509221 (January 4, 1991, Leuba, J.). The failure to demonstrate actual damages is fatal. Since the plaintiff has failed to present evidence on every essential element of the cause of action, no question of material fact exists. The court grants the defendants' Motion for Summary Judgment as to count Three.
4) Unjust Enrichment
In order to recover under unjust enrichment, the plaintiff must prove: "(1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." Polverari v. Peatt, 29 Conn. App. 191,200-01, 614 A.2d 484, cert. denied 224 Conn. 913, 617 A.2d 166
(1992); CBS Surgical Group, Inc. v. Holt, 37 Conn. Sup. 555,558, 426 A.2d 819 (1981).
This count fails for the same reason the previous count failed. The plaintiff has failed to present to the court evidence of actual damages, i.e. that the defendants' action caused detriment to the plaintiff. Thus, no question of material fact exists, and the court grants the defendants' Motion for Summary Judgment as to count four.
5) CUTPA
CT Page 985
The Connecticut Unfair Trade Practices Act, General Statutes § 42-110b(a), provides in relevant part: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."
"[A] violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy." (Citation omitted.).Web Press Services Corporation v. New London Motors, Inc.,203 Conn. 342, 355, 525 A.2d 57 (1987). "In determining when a practice is unfair, we have adopted the criteria set out in the `cigarette rule' by the federal trade commission . . . (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]. . . ." (Citations omitted, internal quotation marks omitted.) A-G Foods, Inc. v.Pepperidge Farm, Inc., 216 Conn. 200, 215, 579 A.2d 69 (1990).
The plaintiff alleges that the defendants' conduct in obtaining Beekley products and trade secrets from Beekley customers for the purpose of copying and studying them in order to develop their own similar products for sale in competition constitutes unfair competition. The plaintiff further alleges that the aforementioned conduct, which violated an express covenant not to compete with Beekley, also constitutes an unfair trade practice. The defendants allege that their actions are not unfair. The Beekley products obtained were not trade secrets and the violation of the non-competition clause, which is a breach of contract, does not constitute a violation of CUTPA. The defendants argue in their memorandum that because the plaintiff's CUTPA claim is founded upon a breach of contract claim, it is legally insufficient.
"The same facts that establish a breach of contract claim may be sufficient to establish a CUTPA violation."Lester v. Resort Camplands International, Inc.,27 Conn. App. 59, 71, 605 A.2d 550 (1992). However, when the court has permitted a CUTPA cause of action based on a breach of contract, there was generally some type of fraudulent behavior accompanying CT Page 986 the breach or aggravating circumstances. CNF Constructors,Inc. v. Culligan Water Conditioning Co., 8 CSCR 1057,1058 (September 9, 1993, Blue, J.). In CNF Constructors the plaintiff was permitted to pursue a CUTPA cause of action based on breach of contract, however Judge Blue stated that the plaintiff in CNF Constructors had pled "more than a simple breach of contract" by alleging a number of misrepresentations. Id., at 1058.
A majority of cases support the claim that "[a] simple breach of contract, even if intentional, does not amount to a violation of the Act; a [claimant] must show substantial aggravating circumstances to recover under the Act." EmleeEquipment Leasing Corp. v. Waterbury Transmission, Inc.,41 Conn. Sup. 575, 580, 595 A.2d 951 (January 23, 1991, Blue, J.).
Applying the foregoing to the present motion for summary judgment, the plaintiff has failed to demonstrate aggravating circumstances or fraudulent conduct by the defendants. The court has previously determined in this decision that the plaintiff has failed to prove the existence of a material fact regarding the misappropriation of trade secrets, tortious interference or unjust enrichment. Thus, the only surviving count of plaintiff's complaint is the breach of contract as to the defendant Barbara Doyle. There are insufficient facts to support the CUTPA cause of action in this case.
Accordingly, the court grants the defendants' Motion for Summary Judgment as to count five.
III. CONCLUSION
No genuine question of material fact exists as to Counts Two, Three, Four, Five and part of Count One as it relates to the defendant Brian Doyle. Accordingly, the defendants' Motion for Summary Judgment is granted as to those counts. Further, since all counts involving Brian Doyle have been dismissed, the court dismisses Brian Doyle as a defendant in this action.
SUSAN B. HANDY JUDGE, SUPERIOR COURT CT Page 987