[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE #138
The plaintiff brings this action seeking damages for personal injuries resulting from a fall in the parking lot in front of the defendant's K-Mart's store located at 881 Wolcott Street, Waterbury, Connecticut. The defendant K-Mart has impleaded the third-party defendant, Developers Diversified Management, Inc. (Developers).[1] K-Mart's second amended third-party complaint, dated October 28, 1996, consists of five counts: (1) indemnification; (2) apportionment; (3) breach of contract; (4) violation of General Statutes § 42-110 et seq., the Connecticut Unfair Trade Practices Act (CUTPA); and (5) common law fraud.
Developers now moves to strike the fourth count of the second amended third-party complaint, claiming that the count fails to allege sufficient facts necessary to support a CUTPA action.
The function of the motion to strike is to test the legal sufficiency of a pleading. R.K. Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994). The motion to strike is appropriate when challenging the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Practice Book § 152; Waters v. Autuori, 236 Conn. 820,825, 676 A.2d 357 (1996). The facts alleged in the complaint are to be construed by the trial court in the most favorable way for the plaintiff. Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). The facts must be viewed in a broad fashion, not strictly limited to the allegations, but CT Page 9948 also including the facts necessarily implied by them and fairly provable under them. Commercial Union Ins. Co. v. Frank Perrotti Sons, Inc., 20 Conn. App. 253, 257, 566 A.2d 431 (1989). When ruling on a motion to strike, the court is limited and may only rely on the facts alleged in the complaint. Novametrix MedicalSystems, Inc. v. BOC Group, Inc., supra, 224 Conn. 215. The motion to strike does not admit legal conclusions or the truth or accuracy or opinions stated in the pleadings. Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985).
General Statutes § 42-110b (CUTPA) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Section 42-110b(d) further provides that "[i]t is the intention of the legislature that this chapter be remedial and be so construed."
It is generally accepted that "[t]he determination of whether an act or practice is unfair in violation of CUTPA revolves around the application of the `cigarette rule.' This rule involves three inquiries: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [competitors or other businessmen]." (Internal quotation marks omitted.) NorwichSavings Society v. Caldrello, 38 Conn. App. 859, 865, 634 A.2d 415, cert. denied, 235 Conn. 927, 667 A.2d 553 (1995), quoting Conway v.Prestia, 191 Conn. 484, 492-93, 464 A.2d 847 (1983).
"[A]ll three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree of which it meets one of the criteria or because to a lesser extent it meets all three. . . . Thus a violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy. . . ." Haynesv. Yale-New Haven Hospital, 243 Conn. 17, 33 n. 18, (1997), quoting Associated Investment Co. v. Williams AssociatesIV, 230 Conn. 148, 155-56, 645 A.2d 505 (1994).
In the present case, Developers contends that a CUTPA action cannot be premised on a simple breach of contract claim, which it asserts, is all that K-mart has alleged in the fourth count. In CT Page 9949 opposition, K-Mart claims, inter alia, that the fourth count alleges not merely a simple breach of contract claim, but further alleges the existence of a pattern of misrepresentations engaged in by Developers. K-Mart argues that the fourth count clearly states a cause of action under CUTPA.
"A majority of Superior Court cases support the claim that "[a] simple breach or contract, even if intentional, does not amount to a violation of [CUTPA]; a [claimant] must show substantial aggravating circumstances to recover under the Act."Emlee Equipment Leasing Corp. v. Waterbury Transmission, Inc.,41 Conn. Sup. 575, 580, 595 A.2d 951, 3 CONN. L. RPTR. 711, (1991) (Blue, J.); see also Bonnell v.United Parcel Service, Superior Court, judicial district of Danbury, Docket No. 315927 (February 7, 1997) (Grogins, J.) (18 CONN. L. RPTR. 646); The Production Equipment Co. v. BlakesleeArpaia Chapman, Inc., Superior Court, judicial district of New Haven at Meriden, Docket No. 247485 (January 3, 1996) (Silbert, J.) (15 CONN. L. RPTR. 558); LoMonte v. Rice, Superior Court, judicial district of Hartford at New Britain, Docket No. 441735 (January 30, 1991) (Aronson, J.) (3 CONN. T. RPTR. 189); CentralDelivery Service of Washington, Inc. v. People's Bank, Superior Court, judicial district of Hartford at New Britain, Docket No. 438015 (October 1, 1990) (Goldberg, S.J.) (2 CONN. L. RPTR. 449);Jarasek v. Chrysler House Associates Limited Partnership, Superior Court, judicial district of Hartford, Docket No. 338598 (December 2, 1988) (O'Connor, J.) (4 CSCR 73). A simple contract breach is not sufficient to establish a violation of CUTPA, particularly where a CUTPA count simply incorporates by reference the breach of contract claim and does not set forth how or in what respect the defendant's activities are either immoral, unethical, unscrupulous, or offensive to public policy. Set to Fit Reality v. First StamfordCorp., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 119612 (April 19, 1994) (Lewis, J.). The court has previously rendered a decision following the reasoning set forth in this line of cases. See Lanese v. Mecca, Superior Court, judicial district of Waterbury, Docket No. 116816 (February 6, 1995) (Pellegrino, J.).
"This does not mean that recovering under CUTPA for a breach of contract is impossible, however, and in Lester v. ResortCamplands International, Inc., 27 Conn. App. 59, 71, 605 A.2d 550
(1992) the [Connecticut Appellate Court] stated `the same facts that establish a breach of contract claim may be sufficient to establish a CUTPA violation.'. In Lester, the plaintiff was permitted to pursue a CUTPA cause of action based on breach of CT Page 9950 contract. Indeed, Judge Blue clarified his earlier holding in EmleeEquipment Leasing Corp. v. Waterbury Transmission, Inc., supra, when he permitted a CUTPA cause of action to survive a motion to strike on the strength of several allegations of misrepresentation by the plaintiff in its complaint that the defendant would only supply new goods and instead supplied used goods because the plaintiff had pleaded `more than a simple breach of contract.' CNFConstructors v. Culligan Water Conditioning Co., No. CV92-0242302, Judicial District of New Haven at Meriden (1993 Ct. Sup. 9038,8 CSCR 1057, 1058, September 9, 1993) (Blue, J.)." The ProductionEquipment Co. v. Blakesee Arpaia Chapman, Inc., supra; see alsoSatkunus v. Catholic Cemeteries Assoc., Superior Court, judicial district of Waterbury, Docket No. 131106 (January 7, 1997) (Pellegrino, J.) (3 Conn. Ops. 159) (court denied motion to strike because CUTPA count alleged "sufficient aggravating circumstances").
In the present case the allegations of fact, viewed in the light most favorable to the plaintiff, constitute more than just a simple breach of contract claim. In its amended complaint, K-Mart alleges that Developers not only breached the lease agreement, but, inter alia, that Developers has made "incomplete, inadequate, false, misleading, or otherwise improper representations" to K-Mart regarding the existence of insurance coverage and that Developers failed to warn or notify K-Mart of the absence of such coverage. K-Mart alleges specific damages and further alleges that Developers' actions were "deceptive, violative of public policy, immoral, unethical, oppressive and/or unscrupulous and caused substantial injury . . . [and] constitute unfair or deceptive trade practices or acts. . . ."[2]
In construing the fourth count in the light most favorable to the third-party plaintiff, as the court must, the allegations adequately show sufficient aggravating circumstances, beyond a mere breach of contract that, if proven, fall with the ambit of CUTPA. Accordingly, Developers' motion to strike the fourth count of the second amended third-party complaint is denied.
Pellegrino, J.