[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANTS' MOTIONS TO STRIKE (#101 and #103) 
The plaintiff, HealthRight, Inc. ("HealthRight"), filed a ten-count complaint against the defendants, Executive Risk Specialty Insurance CT Page 746 Company ("ERSIC") and Sedgwick of New England, Inc. ("Sedgwick"), on May 22, 2000, arising from the denial of an insurance claim under a Managed Care Organization Errors and Omissions Liability Policy ("MCO policy"). The MCO policy was sold to HealthRight by Segdwick and issued by ERSIC. ERSIC has moved to strike counts seven and eight against it and Sedgwick has moved to strike counts nine and ten against it, which are in each instance, respectively, claims based on the Connecticut Unfair Insurance Practices Act ("CUIPA"), General Statutes § 38a-815 et seq., and the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes §42-110a et seq.
"[A] motion to strike challenges the legal sufficiency of a pleading. . . ." (Internal quotation marks omitted.) Doe v. Yale University,252 Conn. 641, 667, 748 A.2d 834 (2000); see also Practice Book §10-39. The court "must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.)Doe v. Yale University, supra, 667. "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Id. "A motion to strike, [however], is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc.v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
Counts seven through ten incorporate the allegations of count two, which itself incorporates paragraphs one through twenty-five of a section of the complaint entitled "General Allegations" and paragraphs twenty-six through thirty-five of count one. The pertinent facts alleged are as follows: At some unspecified time, HealthRight sought to purchase an Errors and Omissions liability insurance policy ("E O policy") to protect itself from liability arising out of its managed care and other business activities, which included a managed care contract with the Connecticut Department of Social Services ("DSS") entered into in July 1995 (¶¶ 4, 5, 8). On several occasions prior to June 18, 1998, HealthRight met with Sedgwick, an agent or broker of E O policies, who acted as an agent or broker of behalf of ERSIC, to discuss the possible purchase of such a policy through Sedgwick (¶¶ 9, 10, 12). Sedgwick sold, and ERSIC issued, the MCO policy to HealthRight with an inception date of June 18, 1998 (¶¶ 15, 16). On or about December 31, 1998, HealthRight was contacted by the Connecticut Attorney General regarding an investigation on behalf of DSS with respect to allegations of CT Page 747 mismanagement of clients under the contract HealthRight had with that department (¶ 19). Because the claim made by the Attorney General fell within the meaning of the MCO policy, was made within the MCO policy period and was covered by it, on January 4, 1999, HealthRight notified Sedgwick of the claim and Sedgwick in turn notified ERSIC on January 6, 1999 (¶¶ 20-25). ERSIC wrongly denied coverage based on certain exclusions contained in the policy (¶¶ 27, 30). The exclusions are inapplicable because, among many other reasons, HealthRight purchased the policy after assurances by ERSIC and Sedgwick that coverage would be provided (¶ 31).
The basic claims presented by each motion to strike are similar. Both ERSIC and Sedgwick argue that HealthRight's CUIPA claims against them, as raised independently and by incorporation through CUTPA, are grounded on a single isolated instance of misconduct and fall within the purview of General Statutes § 38a-816(6) which requires allegations and evidence of a general business practice. In response, HealthRight maintains that its CUIPA claims are premised on General Statutes § 38a-816(1)(a) which does not require evidence of a general business practice. In reply, ERSIC and Sedgwick argue that the allegations of the complaint are insufficient to support a cause of action under § 38a-816(1)(a).
The court agrees with HealthRight that the CUIPA claim it has alleged is premised on § 38a-816(1)(a), a provision of CUIPA that does not require a party to allege a general business practice. See, e.g., Rizzav. Fisher, Superior Court, judicial district of Hartford, Docket No. 574138 (Mar. 23, 1999, Teller, J) and cases cited therein. However, the court also agrees with ERSIC and Sedgwick that the non-conclusory factual allegations of the complaint are insufficient to support a cause of action under that section.
Section 38a-816(1)(a) provides that: "Making, issuing, or circulating, or causing to be made, issued or circulated, any estimate, illustration, circular or statement, sales presentation, omission or comparison which: (a) Misrepresents the benefits, advantages, conditions or terms of any insurance policy" shall be defined as an "unfair [method] of competition and unfair and deceptive [act] or [practice] in the business of insurance." While counts seven and nine contain language that "[i]f the MCO policy is declared not to cover the claim, then [ERSIC and Sedgwick], by selling the MCO policy to HealthRight containing the exclusionary language when [ERSIC and Sedgwick] knew or should have known of the contract with the State violated . . . § 38a-816(1)(a) in that it misrepresented the benefits, advantages, conditions or terms of the MCO policy" (¶ 38), such conclusory language is insufficient, without factual support. See Lanese v. Mecca, Superior Court, judicial district of Waterbury, Docket No. 116816 (Feb. 6, 1995, Pellegrino, J.); CT Page 748Clearheart Construction Co. v. Charles Daniels Services Corp., Superior Court, judicial district of Danbury, Docket No. 314177 (July 14, 1994, Moraghan, J.)
The factual allegations which HealthRight maintains support the CUIPA claims (See Memorandum of Law in Support of Plaintiff's Objection to Defendant ERSIC's Motion to Strike at pp. 16-17, Memorandum of Law in Support of Plaintiff's Objection to Defendant Sedgwick's Motion to Strike at pp. 11-12) are that it met with Sedgwick, ERSIC's agent or broker, on several occasions prior to purchasing the MCO policy to discuss the purchase of an E O policy (¶ 12), that Sedgwick, and ERSIC through it, knew or should have known of HealthRight's managed care business and its contract with DSS (¶ 13, 14) and that Sedgwick, as agent or broker for ERSIC, sold it the MCO policy (¶ 15)[1] HealthRight also maintains that court can necessarily imply from these facts that a sales presentation took place at which time Sedgwick made, issued or circulated "an estimate, illustration, circular or statement, sales presentation, omission or comparison," as required by § 38a-816(1)(a).
Unfortunately for HealthRight, all that can be fairly implied from the incorporated factual allegations is that it bought an MCO policy issued by ERSIC from Sedgwick after meeting with Sedgwick on several occasions. Even if the court were to also consider the incorporated allegation that HealthRight purchased the policy "after assurance by ERSIC and Sedgwick that coverage would be provided" (¶ 31(g)), an assurance simply does not amount to a misrepresentation.[2]
Accordingly, the court concludes that the allegations. of counts seven and nine are insufficient to state a claim under § 38a-816(1)(a) and must be stricken. In light of this ruling, the court will not address ERSIC's claim that CUIPA does not provide a private cause of action independent of CUTPA.[3]
To prevail on the CUTPA claims in counts eight and ten, HealthRight must allege a valid CUIPA violation because the acts and omissions relied on in those counts concern alleged misconduct in relation to an insurance claim. Lees v. Middlesex Ins. Co., 229 Conn. 842, 847, 643 A.2d 1282
(1994); Mead v. Burns, 199 Conn. 651, 662-63, 509 A.2d 11 (1986). Having just concluded that the factual allegations underlying counts seven and nine are insufficient to support a CUIPA violation, these counts likewise must fail.[4]
HealthRight maintains, however, that the CUTPA counts allege sufficient facts to support a cause of action independent of CUIPA (see ¶ 3 of Plaintiff's Objection to Defendant ERSIC's Motion to Strike and ¶ 2 of Plaintiff's Objection to Defendant Sedgwick's Motion to Strike). This CT Page 749 position mistakenly assumes that counts eight and ten incorporate the allegations of all the preceding counts of the complaint, rather than only those of count two which sounds in breach of contract. The essence of the claim in count two is that Sedgwick, acting as agent or broker, sold an E O policy issued by ERSIC to HealthRight which contained certain exclusions that ERSIC relied on to deny coverage of a claim made by HealthRight. Since it is alleged that HealthRight's claim was within the meaning of the policy, was within the policy period and was covered by the policy, it is claimed that ERSIC breached the contract by failing to provide a defense or indemnify HealthRight.
Many decisions of the Superior Court have followed the general rule, as stated in Emlee Equipment Leasing Corp v. Waterbury Transmission, Inc.,41 Conn. Sup. 575, 580, 595 A.2d 951 (1991), that a simple breach of contract does not amount to a CUTPA violation in the absence of factual allegations of "substantial aggravating circumstances" or "fraudulent or deceptive practices or bad faith." See, e.g., Morris v. Brookside CommonsLtd. Part., Superior Court, judicial district of Hartford at Hartford, Docket No. 581130 (Feb. 2, 2000, Stengel, J.)" Bonnell v. United ParcelService, Superior Court, judicial district of Danbury at Danbury, Docket No. 315927 (Feb. 7, 1997, Grogins, J.); Production Equipment Co. v.Blakeslee Arpaia Chapman, Inc., Superior Court, judicial district of New Haven at Meriden, Docket No. 247485 (Jan. 3, 1996, Silbert, J.) (15 Conn.L.Rptr. 558); CNF Constructors, Inc. v. Culligan WaterConditioning Co., Superior Court, judicial district of New Haven at Meriden, Docket No. 242303 (Sept. 9, 1993, Blue, J.) (8 CSCR 1057). With the exception of the fact that it arises from an insurance claims count two is a simple breach of contract claim which falls within the general rule and does not provide an independent basis for a CUTPA cause of action.
For the foregoing reasons, the defendant ERSIC's Motion to Strike (#101) counts seven and nine is granted and the defendant Sedgwick's Motion to Strike (#103) counts eight and ten is granted.
LINDA K. LAGER, JUDGE