PROVIDENCE ELECTRIC COMPANY, INC. *v.* SUTTON
PLACE, INC., ET AL.

HOUSE, THIM, RYAN, SHAPIRO and LOISELLE, Js.

Argued April 14—decided June 1, 1971

*Roger M. Sullivan,* for the appellant (named defendant).

*John L. Calvocoressi,* for the appellee (plaintiff).

THIM, J.   During the period from May, 1965, to November 5, 1965, the plaintiff Providence Electric Company supplied refrigerators, ranges and other electrical supplies to the defendant Eastern Seaboard Construction Company (Eastern), pursuant to the latter's order for use in connection with the construction and completion of apartments in Groton.   At all times relevant to this action the defendant Sutton Place, Inc. (Sutton Place), was the owner of the land on which the apartments were constructed.   At the time this action was instituted the sum of $6491.01 remained due to the plaintiff for the merchandise which it had furnished.   Judgment was rendered for the plaintiff to recover $6491.01 plus interest, for a total of $9628.29, from Eastern.   Judg-

ment was also rendered in favor of the plaintiff to recover $6491.01 plus interest of $1255.97, a total of $7746.98, from Sutton Place. From the judgments rendered, only the defendant Sutton Place has appealed.

The complaint is in seven counts. The case went to trial on three causes of action against Sutton Place: (1) Unjust enrichment; (2) conspiracy to defraud, or misrepresentation; (3) conspiracy by concealment of assets. The latter two causes of action, however, were withdrawn at the conclusion of the trial. The only cause which remained, as against Sutton Place, was the claim of unjust enrichment.

The unchallenged pertinent findings of fact reveal the following: The named plaintiff and Eastern are Rhode Island corporations. Sutton Place is a Connecticut corporation. On or about September 28, 1964, Eastern, as the general contractor, agreed to construct the apartments for Sutton Place. Eastern ordered the merchandise from the plaintiff, delivery was completed, and the plaintiff billed Eastern for the merchandise, looking to Eastern for payment. The refrigerators, ranges and electrical supplies were thereafter installed in the apartments by Eastern. Eastern paid the plaintiff for some of the merchandise, but there remained, at the time of the trial, an unpaid balance of $6491.01, plus interest. In order to finance the construction of the apartments, Sutton Place executed a construction loan mortgage to the Danielson Federal Savings Bank and Loan Association in the amount of $222,000. Sutton Place has rented, to various tenants, apartments in which the plaintiff's merchandise has been installed.

In an attack on the finding Sutton Place claims that the court erred: (1) In finding without evidence

the material facts specified in certain paragraphs of the finding; (2) in finding in language of doubtful meaning the fact in one paragraph; and (3) in concluding that Sutton Place was enriched unjustly by appliances which the plaintiff supplied to Eastern, the general contractor.

The court found that the loan from the Danielson Federal Savings Bank and Loan Association to Sutton Place did not cover the entire cost of construction of the apartments. This finding is in doubtful language and cannot stand. The total "package price" for the land, apartment buildings, engineering and architectural services and legal costs with respect to the closing of the construction permanent mortgage was $302,900. The $222,000 loan from the Danielson Federal Savings Bank and Loan Association was to finance only the *construction* of the apartments. Separate notes and mortgages were authorized to cover the $35,900 for the purchase of the land and the $45,000 for the engineering firm. There was no evidence to suggest that the construction loan was insufficient to cover the entire cost of constructing the apartments, including the plaintiff's materials. No evidence shows that the costs exceeded the allotments for any facet of this transaction. The court further found that Sutton Place did not pay Eastern for the materials furnished by the plaintiff. This finding is not supported by any evidence, and, thus, cannot stand. We conclude that the appendices and the record do not support the trial court's conclusion that Eastern has not been paid by Sutton Place for the goods originally supplied by the plaintiff. We now must determine whether the liability of Sutton Place, based as it is on unjust enrichment, can stand absent those conclusions.

Unjust enrichment applies "wherever justice requires compensation to be given for property or services rendered under a contract, and no remedy is available by an action on the contract." 5 Williston, Contracts (Rev. Ed.) § 1479. "A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another. *Franks* v. *Lockwood,* 146 Conn. 273, 278, 150 A.2d 215; *Schleicher* v. *Schleicher,* 120 Conn. 528, 534, 182 A. 162." *Connecticut National Bank* v. *Chapman,* 153 Conn. 393, 399, 216 A.2d 814. "With no other test than what, under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed, to examine the circumstances and the conduct of the parties and apply this standard." *Cecio Bros., Inc.* v. *Greenwich,* 156 Conn. 561, 564–65, 244 A.2d 404.

It is clear that in order to recover on the basis of unjust enrichment, it is necessary for a plaintiff to demonstrate two aspects of the transaction. First, it must be shown that the defendant was benefited; that is, he has received something of value. And second, it must be shown that the benefit was unjust; that it was not paid for by the defendant, to the detriment of the plaintiff. In this case, the plaintiff has clearly demonstrated that Sutton Place has derived a benefit: Electrical appliances were installed in its apartments. If, however, Sutton Place has paid its contractor, Eastern, for those appliances, then the enrichment, in the absence of fraud, has not been unjust. The record, as corrected, does not demonstrate that Sutton Place did not pay, or

that there was any fraud involved. While the plaintiff has proved enrichment, it has failed to prove that enrichment to be unjust, and the judgment against Sutton Place cannot stand. See *Chatfield* v. *Fish,* 126 Conn. 712, 713, 10 A.2d 754.

The plaintiff also claims that he has retained title to the appliances, and, therefore, he has a right to recover them. Since the goods themselves are no longer recoverable, it claims the owner of them, Sutton Place, can be held accountable. This claim is based on the Uniform Commercial Code, referred to as the code, but it is without merit.

The code provides, in effect, that one who delivers goods cannot retain title. At most, he may retain a security interest or obtain a lien. General Statutes § 42a-2-401. If a statutory lien is available, then a security interest is not available, and article 9 of the code does not apply, except as to priorities. § 42a-9-104. In this case, a statutory lien was clearly available, pursuant to either General Statutes § 49-33 or § 49-35. In each case the lien must be perfected by filing, and under § 49-35 formal written notice is also required. Such a lien was never perfected by the plaintiff, and it cannot now claim to have thereby reserved any rights as regards Sutton Place.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant, Sutton Place, Inc.

In this opinion the other judges concurred.