In the first count of the complaint the plaintiff alleged that he performed carpentry services on the defendant's dwelling, that the value of the services was $600, that the defendant was unjustly enriched as a result of those services which enhanced the value of his residence, and that the defendant refused to pay the plaintiff for those services. In the second count the plaintiff claimed $95 as the reasonable value for hanging cabinets at the defendant's request. On the first count the trial *Page 755 
court found that the general contractor, who was constructing a new house for the defendant, ran into difficulties with his subcontractors. The defendant then told the plaintiff to finish the trim and indicated that they would get together and agree on a fair price. The plaintiff finished the trim and the defendant was benefited by the plaintiff's work but did not pay him for it, to the plaintiff's detriment. The circumstances and the conduct of the parties support the claim of unjust enrichment in the amount of $600. On the second count, the court found that the plaintiff, at the request of the defendant, installed cabinets in the house for $95. The court concluded, on the first count, that the plaintiff completed the trim relying on the defendant's promise to pay him the fair price, which was $600. On the second count, the court concluded that the plaintiff installed cabinets in the house for $95 at the request of the defendant. The defendant, claiming that the plaintiff never finished the trim or installed the cabinets, moved to correct the finding by deleting, inter alia, those paragraphs which found otherwise and the conclusions based thereon. In support of his motion the defendant filed a transcript of a portion of the evidence as required by Practice Book 567G. The plaintiff filed no evidence, although Practice Book 567H afforded him an opportunity to do so. The court refused to make the claimed corrections on the stated ground that the "credible, material and relevant evidence supports the facts found." The defendant claims that the court erred in refusing to make the claimed corrections and in finding facts which are not supported by the evidence.
A finding of a material fact may be attacked when it is not supported by the evidence. The validity of such a claim is tested by the transcript of the evidence filed. Practice Book 567G, 567H; Hames *Page 756 
v. Hames, 163 Conn. 588, 591; Grodzicki v. Grodzicki, 154 Conn. 456, 459. Since the plaintiff has filed no evidence we are limited to a consideration of the portion of the evidence filed by the defendant in support of his motion to correct. An examination of the evidence filed by the defendant reveals no support for the finding that the plaintiff performed the work requested by the defendant. In the absence of such evidence that finding cannot stand. Providence Electric Co. v. Sutton Place, Inc., 161 Conn. 242, 245. Without that finding there is no support for the conclusions reached by the court and the judgment cannot stand.
The next consideration is the judgment on appeal. The first count of the complaint is based on a claim of unjust enrichment. It is undisputed that the plaintiff was a subcontractor of the general contractor who was building the defendant's residence. In order to recover on his claim of unjust enrichment the plaintiff was obliged to establish not only that the defendant was benefited but also that the benefit was unjust. The fact that the plaintiff had not been paid would not make the benefit unjust. In the absence of fraud and collusion, neither of which the plaintiff claims, the plaintiff would have to show that the defendant had not paid the general contractor for the claimed benefit. Providence Electric Co. v. Sutton Place, Inc., supra, 246. The record before us contains no such finding. that being so, there was no basis for the court's finding that the defendant was unjustly enriched and judgment on the first count should have been rendered accordingly.
With respect to the second count, the amount involved is too inconsequential to justify a new trial upon reversal. Hammarlund v. Troiano, 146 Conn. 470, 473. The evidence submitted by the defendant indicates that the plaintiff did not perform the services he claims to have performed. For the limited *Page 757 
purpose of the appeal on the second count we shall assume, from the failure of the plaintiff to supply the necessary evidence to support the court's contrary finding, that no such evidence was available.
 There is error, the judgment is vacated and the case is remanded with direction to render judgment for the defendant.
In this opinion SPONZO, J., concurred.