[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter involves a breach of contract and resulting failure to pay monies due under the contract. The plaintiff's original complaint dated January 21, 1991 is in two counts. The first count alleges a breach of contract. The second count alleges unjust enrichment.
Thereafter the defendant filed a request to revise requesting the plaintiff set forth in its complaint the dates that the plaintiff commenced and completed its performance under the written agreement between the parties. In response thereto the plaintiff filed a revised complaint dated April 15, 1991. The plaintiff's revision was limited to adding to the first count, paragraph 5. thereof the following language, "in that the plaintiff commenced work on or about July 15, 1986 and completed work, including all `punch list' items, on or about October 15, 1987".
Thereafter, by motion to strike dated April 23, 1991, the defendant moved to strike the plaintiff's first count and second count of its revised complaint in that it fails to state a claim upon which relief can be granted by reason that the plaintiff failed to raise its claim in a timely matter as required by Article 22 of the written agreement between the parties. Article 22 reads as follows "Article 22 Action Against Contractor. No action shall be maintained against the Contractor upon any claim arising out of or based upon the Subcontract unless commenced within one (1) year after the last work was performed or material was furnished under the sub-contract". The defendant claims that the plaintiff brought its complaint more than one year after the last work was performed CT Page 7174 or material was furnished under the subcontract and therefore the plaintiff's complaint must fail. A careful review of the court file relative to the motion to strike indicates that the court did not take any action on the motion to strike as to the first count (breach of contract) but granted the motion to strike as to the second count (unjust enrichment).
Thereafter the plaintiff filed a revised complaint dated December 4, 1991. The plaintiff reiterated the exact language of its revised complaint dated April 15, 1991 but added two additional paragraphs as follows:
"7. The plaintiff requested payment which was due.
8. At the defendant's request the plaintiff not only took no formal action to collect monies due under the contract and at the defendant's further request the plaintiff testified at the defendant's arbitration hearing to assist defendant to obtain payment as provided in the contract even though the delay in payment was due to defects in the defendant's work and there were no defects in plaintiff's work or performance under the contract." This language was added to both counts.
On January 6, 1992 the defendant filed a request to revise which the plaintiff filed an objection to the defendant's request to revise under date of January 9, 1992. The plaintiff's objection to defendant's request to revise was sustained by the court on January 27, 1992.
Thereafter the defendant under the date April 3, 1992 filed an answer and special defense which special defense reads as follows: "The plaintiff failed, neglected and refused to commence the present action within one (1) year after the last work was performed or material was furnished under the subcontract pursuant to Article 22 of the agreement between the plaintiff and the defendant herein dated May 28, 1986."
The plaintiff filed a reply thereto as follows:
"1. The plaintiff has fully performed under the terms of the Agreement between plaintiff and defendant, in that the plaintiff commenced work on or about July 15, 1986 and completed work, including all `punch list' items, on or about October
2. Subsequent to the completion of all work under the CT Page 7175 Agreement, the plaintiff, at the defendant's request, not only took no formal action to collect the monies due under the contract, but at the defendant's further request, the plaintiff testified at the defendant's arbitration hearing, to assist defendant to obtain payment as provided in the contract even, though the delay in payment was due to defects in the defendant's work and there were no defects in the plaintiff's work or performance under the contract."
Therefore the instant case is presented to the court based on the following pleadings:
Revised complaint dated December 4, 1991.
Answer dated April 3, 1992.
Special Defense April 3, 1992.
Reply dated April 8, 1992.
At the outset of the trial of this case on January 18, 1995 the defendant orally moved that the plaintiff's revised complaint dated December 4, 1991 should be stricken and judgment enter for the defendant. The defendant's oral motion was based on its contention that it was the law of the case that the plaintiff's complaint as initially revised had been stricken and further that the revised complaint dated December 4, 1991 did not state a cause of action upon which relief could be granted as it was for all intents and purposes the same complaint as initially revised. Technically speaking the motion to strike dated April 23, 1991 was granted only as regards the second count and the court did not take any action as regards the first count of the revised complaint dated April 15, 1991. Thereafter by revised complaint dated December 4, 1991 the plaintiff amended its complaint by adding additional paragraphs number 7 8 of the first count of the revised complaint dated December 4, 1991 and reiterating the same language as paragraphs 10 and 11 of the, second count of the plaintiff's revised complaint dated December 4, 1991. The defendant's oral motion to strike the revised complaint dated December 4, 1991 fails for several reasons. The allegations added to the revised complaint dated December 4, 1991 provide a basis for the court to find said contractual limitation provision in the underlying contract has been waived or there is a valid excuse for non performance and therefore relief could be granted to the plaintiff. Furthermore the defendant filed a motion to revise the CT Page 7176 complaint dated December 4, 1991 to which the plaintiff objected. The plaintiff's objection was sustained by the court.
Thereupon the defendant filed its answer under the date of April 3, 1992. Section 112 of the Connecticut Rules of Court provides the order of pleadings and thus the defendant waived its opportunity to move to strike the revised complaint dated December 4, 1991. The defendant's oral motion to strike the plaintiff's revised complaint dated December 4, 1991 is denied and the revised complaint dated December 4, 1991 stands.
The court finds that the plaintiff, All-Brite Electric, Inc., was a Connecticut Corporation with its principal place of business in West Haven, Connecticut.
The defendant, E.I., Constructors, Inc., was a New Jersey corporation with a place of business at Milford, Connecticut.
On or about May 28, 1986, the plaintiff and the defendant entered into a written Agreement whereby the plaintiff agreed to provide all necessary labor, material, tools and equipment pertaining to electrical work on a certain construction project located and known as Schultz Electric Company, 30 Gando Drive, New Haven, Connecticut. A copy of said written agreement was introduced to the court as plaintiff's exhibit A.
The total contract price pursuant to said agreement including approved change orders was $502,526.00. The plaintiff has fully performed under the terms of the agreement which work was accomplished in a good and workmanlike manner having commenced work on or about July 15, 1986 and completing its work including all punch list items on or about October 15, 1987.
After allowing all credits due the defendant for amounts paid under the agreement, there remains due and owing from the defendant to the plaintiff the sum of $53,519.18. The plaintiff has requested payment of the same from the defendant, however the defendant has not made payment.
The plaintiff through its president Steven John Borelli testified, which testimony was uncontroverted, and which testimony the court finds as credible and true that upon completion of its work and from between November 5, 1987 to and including May 23, 1989 the plaintiff called the defendant at its New Jersey office requesting payment. The defendant indicated in response to request CT Page 7177 for payment that it was experiencing "a few problems" but the plaintiff would be paid. The defendant continued to explain that it was having problems with the owner but requested that the plaintiff be patient and that it would eventually be paid. The court further finds that subsequent to May 23, 1989 the plaintiff continued to make weekly calls to the defendant but continuously received the same explanation and assurances of payment to be forthcoming.
Disputes arose between the owner and the defendant in the instant case and arbitration was sought. An arbitration hearing was held at the construction site on October 3, 1989 and an Arbitration Award was issued March 22, 1990 in favor of the defendant herein. Incident to said arbitration hearing on October 3, 1989 the defendant requested and demanded that the plaintiff attend the arbitration hearing in order that the defendant promote its best interest at the arbitration hearing. The defendant also indicated that this would be a precedent condition to being paid. The plaintiff did in fact attend the arbitration hearing and testified on behalf of the defendant.
The court also finds that the defendant retained the goods and services supplied and rendered by the plaintiff and the retention of the same benefited the defendant and by reason of not paying for the reasonable value of the same to the plaintiff, the defendant has been unjustly enriched.
There are two paragraphs of the written contract between the parties which provide the basis of the contentiousness between the parties. Article 22 thereof entitled "Action Against Contractor" provides "No action shall be maintained against the contractor upon any claim arising out of or based upon a subcontract unless commenced within one (1) year after the last Work was performed or material was furnished under the subcontract." However, paragraph 6 entitled "Final Payment" provides in part "the Contractor shall make final payment to the Subcontractor . . . provided Contractor shall have received its Final Payment from the Owner under the Prime Contract." The main thrust of the defendant's case is that the plaintiff failed to comply with Article 22 of said written agreement in that it did not commence its action against the defendant within one year after its last work was performed or material furnished under the subcontract i.e. October 15, 1987. The defendant also asserts that it was not obligated to pay the plaintiff until such time it had received final payment from the owner. CT Page 7178
Connecticut courts recognize that parties may provide contractual limitations, however said contractual limitations may be waived or there may be a valid excuse for nonperformance of said contractual limitations. Monterio v. American Home AssuranceCompany, 177 Conn. 281, (1979). The court finds that the parties mutually waived Article 22 of said agreement by the continual acquiescence by the plaintiff to the defendant's request to defer payment until such time as the defendant had resolved its problems with the Owner. As regards paragraph 6 of said agreement the court finds the arbitration award required payment by the owner to the defendant on or before April 30, 1990 and that the plaintiff brought the instant action within one year thereof, the initial complaint herein being dated January 21, 1991.
Unjust enrichment applies wherever justice requires compensation to be given for property or services rendered under a contract, and no remedy is available by an action on the contract. 5 S. Williston, Contracts (Rev. Ed.) § 1479. A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another. Franks v. Lockwood, 146 Conn. 273,278, 150 A.2d 215 [1959]; Schleicher v. Schleicher, 120 Conn. 528, 5344, 182 A. 162 [1935]. Connecticut National Bank v. Chapman,153 Conn. 393, 399, 216 A.2d 814 [1966]. With no other test than what, under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed, to examine the circumstances and the conduct of the parties and apply this standard. Cecio Bros., Inc. v. Greenwich, 156 Conn. 561,564-65, 244 A.2d 404 [1968]." (Internal quotation marks omitted.)Providence Electric Co. v. Sutton Place, Inc., 161 Conn. 242, 246,287 A.2d 379 (1971). "Unjust enrichment is, consistent with the principles of equity, a broad and flexible remedy. Cecio Bros.,Inc. v. Greenwich, [supra, 564]. Plaintiff seeking recovery for unjust enrichment must prove that the defendants were benefited, that the defendants unjustly did not pay the plaintiffs for the benefits, and that the failure of payment was to the plaintiffs' detriment." (Internal quotation marks omitted.) Polverari v.Peatt, 29 Conn. App. 191, 200-201, 614 A.2d 484 (1992).
See Hartford Whalers Hockey Club v. Uniroyal Goodrich TireCo., 231 Conn. 276 at 282, 283 (November 1994). CT Page 7179
Applying the foregoing standards to the instant case the court finds that the plaintiff has proven by credible uncontroverted evidence, firstly, that the defendant was benefited by virtue of the goods supplied to or on behalf of the defendant and the work performed to or on behalf of the defendant and secondly, that the defendant unjustly did not pay the plaintiff for the benefits especially since the defendant did not nor does not have any complaints regarding the quality of the goods supplied or the work performed and thirdly, that the failure of the payment was to the plaintiff's detriment is obvious in that the plaintiff has not been paid that which it is entitled to under the written agreement. The parties by virtue of the written agreement and work orders agreed as to the value of the work and of the goods and materials supplied.
Therefore based on the foregoing the court entered judgment in favor of the plaintiff in the amount of $53,519.18 together with legal interest on said sum from May 30, 1990.
John W. Moran, Judge