[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case is a suit for attorney's fees. The complaint, filed on October 18, 1994, is in four counts. The first and second counts allege an action in contract, while the third and fourth counts allege an action of unjust enrichment. Trial of this case was held on October 31, 1996. The defendant filed an answer denying the allegations and a counterclaim alleging breach of contract by the plaintiff and claiming damages.
 I.
From the evidence presented and reasonable inferences drawn therefrom, the court finds the facts set forth below were established.
The plaintiff, Attorney Robert F. Ludgin (hereinafter, "Ludgin") has been a member of the bar in Connecticut since 1967 and is engaged in the private practice of general law. He is a solo practitioner. In the past, he has represented clients in hearings concerning disability pensions. On April 13, 1994, the defendant, Joseph Cardillo, (hereinafter, "Cardillo") called the plaintiff to request legal representation concerning his CT Page 8930 application for a disability pension from the City of Hartford's Pension Commission. The defendant had already initiated his application through prior counsel, but when that attorney could not attend a hearing on April 18, 1994, the defendant chose to discharge him and seek new counsel rather than postpone the hearing.
On April 16, 1994, the parties met to discuss the terms of Ludgin's representation and to prepare for the April 18, 1994 hearing. Subsequent to the April 16 meeting, Ludgin prepared a letter addressed to Cardillo dated April 18, 1994 regarding the "Pension disability claim" that stated as follows:
 "This will confirm that I have agreed to represent you today at the hearing before the City Pension Commission and any
adjourned hearing on this same matter for the purpose of pursuing your claim for the right to take early retirement and receive retirement benefits by reason of your disability.
 This will confirm our understanding and agreement that my fee will be a flat $1000.00 fee, payable upon conclusion of the hearing.
 Please confirm your agreement with these terms by signing of a copy of this letter and returning it to me." (Emphasis added.)
On April 18, 1994, Cardillo signed a copy of this letter, indicating he read it and agreed with its terms. (Exhibit 1).
On June 22, and 29, 1994, Ludgin, in telephone conversations indicated to Cardillo that the case was taking more time than he had originally contemplated and that he wanted to renegotiate his fee. The parties met on July 22 but reached no agreement as to payment of compensation above $1,000.00. On July 29, 1994, Cardillo wrote Ludgin asking for further explanation as to the additional time for which Ludgin was seeking additional fees and stated, "As stipulated in our contractual agreement of March, 1994, please continue to pursue the disability pension application."[1] The parties exchanged additional correspondence concerning the fee disputes. On August 1, 1994, CT Page 8931 Ludgin wrote Cardillo demanding immediate payment of $1,000.00 and declining "to do anything further on this case until and unless we have a firm fee agreement . . . I decline to do anything more until and unless we have a firm understanding on how I am to be paid." (Exhibit 7). On August 9, 1994, Ludgin, through counsel, billed Cardillo for a total of $3,940.00.
Subsequent to Cardillo's receipt of this bill, he retained another attorney to represent him at the final pension commission hearing on September 9, 1994, and was awarded his pension. Cardillo paid his new attorney $1,000.00 for representation. Cardillo has never paid Ludgin any money.
 II.
The written contract alleged as the plaintiff's basis for recovery in the first count, the letter of April 18, 1994, was the only fee agreement entered into between the parties. In this agreement, Ludgin agreed to represent Cardillo to the conclusion of the hearing on his disability pension application for a flat fee of $1,000.00. There are no dates specified in the contract, there is no mention of an hourly rate, and no language limiting the number of hours encompassed by the flat fee. In light of the conflicting evidence as to whether the parties orally or impliedly agreed to something other than what the plain language of the contract specified, it is the contract itself which must guide the court in deciding this case.
With respect to Count 1, Ludgin has failed to demonstrate by a fair preponderance of the evidence that he duly performed all the conditions of the agreement on his part. He refused to represent Cardillo to the conclusion of the hearing as he had promised and demanded payment of $1,000.00 before it was due under the terms of the agreement. The evidence indicates that all of the actions that Ludgin undertook were required by the terms of the contract to be on a "flat fee" basis, notwithstanding the fact that the case took more time than he estimated. Courts should not make a new contract for the parties or insert protective conditions which the parties failed to provide for themselves. Parks v. Baldwin Piano Organ Co., 262 F. Sup. 515
(D. Conn. 1967). One party to a contract may not change the agreement as the result of his unilateral belief that conditions have changed. Any ambiguities must be construed against Ludgin as the contract finally entered into was written and submitted by him according to his own terms. The party who actually writes the CT Page 8932 instrument will presumably be guided by his own interests and goals in the transaction. Griswold v. Union Labor Life InsuranceCo., 186 Conn. 507, 513, 442 A.2d 920 (1982).
Cardillo's counterclaim alleges that the April 18 agreement was the only contract regarding fees and further alleges that the plaintiff breached the contract when he refused to represent Cardillo to the conclusion of the case. Cardillo claims damages because he paid another lawyer $1,000.00 for representing him at the final adjourned hearing on September 9, 1994, when he was successful on his application. While Cardillo has proven Ludgin's breach of the contract by a fair preponderance of the evidence, he has failed to prove he suffered any damages. He paid the Ludgin nothing, and paid his new attorney the same amount he had agreed to pay Ludgin to present his claim. Cardillo was in the same position he would have been had Ludgin honored the contract.
With respect to Count 2, the allegations do not specify whether the plaintiff claims the existence of an express or implied contract. Ludgin has failed to demonstrate by a preponderance of the evidence that the parties entered into a second agreement involving payment for his work between April 20, 1994 and August 9, 1994. There is no evidence that the defendant ever agreed, orally or in writing, to pay anything in addition to the $1,000.00 contemplated in the written agreement of April 18, 1994.
Although an implied contract may arise where a plaintiff, without being requested to do so, renders services under circumstances indicating that he expects to be paid, and the defendant, knowing such circumstances, avoids himself of the benefit of those services, the law will not imply a contract unless an express one does not exist. In this case, the parties had a signed agreement regarding Ludgin's fee. Freda v. Smith,142 Conn. 126, 134, 111 A.2d 679 (1955).
The plaintiff's third and fourth counts seek recovery of fees on the theory of unjust enrichment. "Unjust enrichment applies only where justice requires compensation to be given for property or services rendered under a contract and no remedy is available by an action on the contract." Hartford Whalers Hockey Club v.UniRoyal Goodrich Tire Co., 231 Conn. 276, 282 (1994), quoting Williston, Contracts (Rev. Ed.) § 1479. To recover in unjust enrichment, Ludgin must prove that Cardillo received a benefit and unjustly did not pay for it, and that the failure of payment CT Page 8933 was to Ludgin's detriment. Barbara Weisman Trustee v. Kaspar,233 Conn. 531, ___ A.2d ___ (1995). Whether a party was benefited and whether the refusal to pay was unjust are essentially factual questions, with no other test than what, under a given set of circumstances, are conscionable or unconscionable. In any case where the benefit of the doctrine is claimed, it becomes necessary to examine the circumstances and the conduct of the parties and apply this standard Providence Electric Company v.Sutton Place, Inc., 161 Conn. 242, 240, 287 A.2d 379 (1971).
In this case, Cardillo was ready to abide by the parties written agreement to pay Ludgin a flat fee of $1,000.00 at the conclusion of the pension commission hearing. Ludgin breached the contract he drafted by demanding fees over and above the contractual amount prior to the conclusion of the hearing and refusing to represent Cardillo any further when Cardillo refused to pay him $1,000.00 immediately and negotiate a higher fee arrangement. Cardillo, up to the point of Ludgin's breach, was justly, not unjustly, receiving the services to which he was entitled pursuant to the terms of the April 18, 1994 contract and was under no obligation to pay his $1,000.00 until the hearing was concluded. When Ludgin refused to continue representation, Cardillo was forced to hire another lawyer to finish his case for $1,000.00. These facts do not justify recovery by Ludgin under the equitable theory of unjust enrichment.
Accordingly, judgment may enter for the defendant without costs on Counts one through four of the complaint and on the counterclaim. The court awards no damages to the defendant on the counterclaim.
CHRISTINE E. KELLER JUDGE, SUPERIOR COURT