[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 174)
Before the court is the motion to strike of the defendant Junior Achievement of Western Connecticut, Inc. The complaint alleges the following facts. On or about December 2, 1991, the plaintiff, John Duncan, was hired by the board of directors of Junior Achievement of Western Connecticut, Inc. (Western) as its president. Western's office is located in Bridgeport, Connecticut. Junior Achievement, Inc. (National) is the parent company and national headquarters of Western. National's office is located in Colorado Springs, Colorado. On January 17, 1995, the plaintiff was discharged by Western. Bryan Heubner, the Chairman of the Board of Directors of Western, informed the plaintiff of his termination. The plaintiff's termination letter was placed on People's Bank letterhead.
On January 5, 1999, the plaintiff filed a twenty-seven count amended complaint against Western and National, alleging, inter alia, unauthorized disclosure, breach of implied contract, unjust enrichment, emotional distress, and violations of the Connecticut Unfair Trade Practices Act (CUTPA). On May 14, 1999, Western moved to strike counts three, six, sixteen, twenty, twenty-two, and twenty-five of the plaintiff's amended complaint for failure CT Page 1122 to state claims upon which relief can be granted. Western has submitted a memorandum in support of its motion and the plaintiff has filed a memorandum in opposition thereto.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). The court "must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Id., 270-71. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). "Moreover, . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." Pamela B. v. Ment, 244 Conn. 296,308, 709 A.2d 1089 (1998).
 A. Unauthorized Disclosure
In support of its motion to strike count three claiming unauthorized disclosure, Western argues that a private right of action does not exist under the Personnel Files Act, General Statutes § 31-128a et seq. Nevertheless, Western argues that even if a private right of action exists, the plaintiff fails to identify a violation of the statute. Notably, Western argues that the plaintiff fails to state what part of the termination letter, which is the subject of the plaintiff's claim, constitutes confidential personnel information. Moreover, Western argues that the allegations are legally insufficient because the plaintiff has not identified to whom disclosure was made, how he was harmed by the alleged disclosure, or what the remedy is. The plaintiff, in response, argues that a private right of action is inherent in General Statutes § 31-128f because the statute prohibits employers from disclosing to third parties an employee's personnel file information without authorization. In addition, the plaintiff argues that the termination letter, which is incorporated into his complaint, provides sufficient facts as to whom disclosure was made.
General Statutes § 31-128f provides in relevant part: "No CT Page 1123 individually identifiable information contained in the personnel file or medical records of any employee shall be disclosed by an employer to any person or entity not employed by or affiliated with the employer without the written authorization of such employee except where the information is limited to the verification of dates of employment and the employee's title or position and wage or salary. . . ." A private right of action does not exist under the Personnel Files Act, General Statutes § 31-128a et seq. See Turzer v. Connecticut National Bank, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 279671 (October 10, 1991, Spear, J.); Dais v. LaidlawTransit, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 146079 (March 29, 1996, Ryan, J.).
In Turzer v. Connecticut National Bank, the defendant moved to strike the plaintiff's unauthorized disclosure claim arguing that General Statutes § 31-128g does not provide for a private cause of action. The court, citing the legislative intent of the statute, held that claims arising under § 32-128g can be dealt with by the labor commissioner, pursuant to his powers under General Statutes 31-2(a).[1] See Turzer v. Connecticut NationalBank, supra, Superior Court, Docket No. 279671. Specifically, the court stated: "Though the legislative intent militates in favor of the Labor Commissioner's handling potential violations of31-128g, the issue remains as to whether this court should entertain this claim notwithstanding that intent. The doctrine of primary jurisdiction militates against the court taking jurisdiction. . . ."
"It is well established that resort to the administrative process is generally a prerequisite to involving the jurisdiction of a court. . . . [P]rimary jurisdiction situations arise in cases where a plaintiff, in the absence of pending administrative proceedings, involves the original jurisdiction of a court to decide the merits of a controversy. . . . The purpose of the doctrine is to foster an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of an agency's findings and conclusions. . . . Ordinarily, a court should not act upon subject matter that is peculiarly within the agency's specialized field without giving the agency an opportunity to apply its expertise, for otherwise parties who are subject to the agency's continuous regulation may become the victims of uncoordinated and conflicting requirements. . . . The doctrine of primary jurisdiction militates in favor CT Page 1124 of this claim going first to the Labor Commissioner." (Citations omitted; internal quotation marks omitted.) Turzer v. ConnecticutNational Bank, supra, Superior Court, Docket No. 279671. In Daisv. Laidlaw Transit, Inc., the defendant also moved to strike the plaintiff's unauthorized disclosure claim, under § 31-128a et seq., on the ground that there is no private right of action under the statute. The court concluded that "[in] light of the holding in Turzer v. Connecticut National Bank . . . the plaintiff does not have a private cause of action for a violation of 31-128a." (Citation omitted.) Dais v. Laidlaw Transit, Inc., supra, Superior Court, Docket No. 146079.
Here, as in Turzer v. Connecticut National Bank, the doctrine of primary jurisdiction militates in favor of the plaintiff's unauthorized disclosure claim going first to the labor commissioner. See Turzer v. Connecticut National Bank, supra, Superior Court, Docket No. 279671. Therefore, since the plaintiff failed to resort to the administrative process, he does not have a private cause of action against Western under General Statutes 31-128g. See Turzer v. Connecticut National Bank, supra, Superior Court, Docket No. 279671. Accordingly, Western's motion to strike count three of the plaintiff's amended complaint dated December 29, 1998, is granted.
 B. Breach of Contract
Western moves to strike count six on the ground that Connecticut law precludes recovery for breach of an at-will employment contract. Specifically, Western argues that a contract of indefinite duration is terminable at the will of either party, unless the plaintiff alleges the applicability of the public policy exception and the unavailability of alternative remedies. Western further argues that the plaintiff has acknowledged the availability of alternative remedies by setting forth independent causes of action under federal and state age discrimination statutes, ERISA and other state laws regarding non-payment of wages. The plaintiff does not respond to Western's motion to strike count six of his complaint.
"Traditionally, an employment contract of indefinite duration is terminable at the will of either party." Battista v. UnitedIlluminating Co., 10 Conn. App. 486, 495, 523 A.2d 1356, cert. denied, 204 Conn. 802, 803, 525 A.2d 1352 (1987). "[T]he public policy exception to the general rule allowing unfettered termination of an at-will employment relationship is a narrow one CT Page 1125 that is only to be invoked when the reason for [the employee's] discharge. . . . involves impropriety derived from some important violation of a public policy. . . . We are mindful that courts should not lightly intervene to impair the exercise of managerial discretion or to foment unwarranted litigation. . . . Nevertheless, when there is a relevant state statute we should not ignore the statement of public policy that it represents." (Citations omitted; internal quotation marks omitted.) Parsons v.United Technologies Corp., 243 Conn. 66, 79, 700 A.2d 655 (1997).
In the present case, the employment contract between the plaintiff and Western was for an indefinite duration, thus, it was terminable at the will of either party. See Battista v.United Illuminating Co., supra, 10 Conn. App. 495. Although there is a public policy exception to the general rule that a contract of indefinite duration is terminable at will, the plaintiff fails to allege it. See Parsons v. United Technologies Corp., supra,243 Conn. 79. Therefore, the plaintiff's allegations are legally insufficient to sustain a claim for breach of an at-will employment contract. Accordingly, count six of the plaintiff's amended complaint is stricken.
 C. Unjust Enrichment
Western moves to strike counts sixteen and twenty on the ground that the plaintiff fails to plead the elements required to support a claim for unjust enrichment sufficiently. Western argues that the plaintiff merely refers to the wage nonpayment and payroll conversion allegations contained in previous counts without pleading the elements necessary to sustain an unjust enrichment claim. Specifically, Western argues that the plaintiff fails to allege either that it was benefitted [benefited] unjustly, or that the benefit was detrimental to him.
The plaintiff, in response, argues that sufficient facts are alleged to support his unjust enrichment claims. Moreover, the plaintiff claims that he is not required to reiterate the same factual allegations in each count of the complaint as long as the pertinent paragraphs of the preceding counts are incorporated by reference.
"Unjust enrichment is, consistent with the principles of equity, a broad and flexible remedy." (Internal quotation marks omitted.) Meaney v. Connecticut Hospital Assn., Inc.,250 Conn. 500, 512, ___ A.2d ___ (1999). "Plaintiffs seeking recovery for CT Page 1126 unjust enrichment must prove (1) that the defendants were benefitted [benefited], (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." (Internal quotation marks omitted.) Barbara Weisman, Trustee v. Kasper, 233 Conn. 531, 550,661 A.2d 530 (1995). "It is clear that in order to recover on the basis of unjust enrichment, it is necessary for a plaintiff to demonstrate two aspects of the transaction. First, it must be shown that the defendant was benefitted [benefited]; that is, he has received something of value. And second, it must be shown that the benefit was unjust; that it was not paid for by the defendant, to the detriment of the plaintiff." ProvidenceElectric Co. v. Sutton Place, Inc., 161 Conn. 242,246, 287 A.2d 379 (1971).
"With no other test than what, under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed, to examine the circumstances and the conduct of the parties and apply this standard." (Internal quotation marks omitted.) Meaney v.Connecticut Hospital Assn., Inc., supra, 250 Conn. 511-12. "Connecticut courts have stated that all the facts of each case must be examined to determine whether the circumstances render it just or unjust . . . to apply the doctrine of [unjust enrichment]. . . . Thus, whether the failure to pay the plaintiff for the benefit was unjust is a question of fact." (Internal quotation marks omitted.) Murray v. Santa Fuel, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 342601 (April 1, 1999, Skolnick, J.)
1. Count Sixteen
To recover for unjust enrichment the plaintiff must allege that Western was benefitted [benefited], in that it received something of value, and that the benefit was unjust, in that Western did not pay for the benefit, to the plaintiff's detriment. See ProvidenceElectric Co. v. Sutton Place, Inc., supra, 161 Conn. 246. Although the plaintiff does not parse out his allegations with reference to the three elements listed above, the required allegations are expressly or implicitly present in the pleadings. Specifically, the plaintiff alleges that Western's employee manual provides that he, as a former president, is entitled to receive payment for his unused vacation/personal days along with severance pay. The plaintiff further alleges that after his termination he was not paid, thus all three requirements have CT Page 1127 been satisfied (that the defendant benefitted [benefited], that the defendant did not pay of the benefit and that the plaintiff suffered a detriment). Therefore, count sixteen alleges a legally sufficient claim for unjust enrichment. Accordingly, Western's motion to strike count sixteen of the plaintiff's amended complaint is denied.
2. Count Twenty
Count twenty alleges a claim for unjust enrichment based upon Western's failure to deposit the plaintiff's retirement payments into his retirement account. The plaintiff alleges that during his employment with Western, payroll deductions were taken from his salary and deposited into his account with Guardian Insurance and Annuity Company, Inc. Moreover, as part of his participation in the Junior Achievement Retirement Plan, the plaintiff's retirement payments were matched with a 6.3% contribution from his employer. The plaintiff also alleges that payroll deductions were taken from his salary in December of 1994 and January of 1995, however, neither the payroll deductions nor the 6.3% contributions were deposited into his retirement account, although he made demands on two occasions.
Here, the plaintiff alleges the elements required to support a claim for unjust enrichment. See Providence Electric Co. v.Sutton Place, Inc., supra, 161 Conn. 246. Indeed, the plaintiff alleges that Western was benefitted [benefited], in that on two separate occasions, it received the plaintiff's retirement payment deductions. The plaintiff also alleges that the benefit was unjust in that Western did not deposit his payroll deductions into his retirement account, even after he demanded that they do so. Although the plaintiff does not allege that Western's failure to repay his contributions was detrimental to him, the detriment to the plaintiff is necessarily implied. Therefore, the court finds that count twenty alleges a legally sufficient claim for unjust enrichment. Accordingly, Western's motion to strike count twenty is denied.
 D. Emotional Distress
1. Count Twenty-Two
Western moves to strike count twenty-two on the ground that the plaintiff fails to allege the elements required to support a claim for intentional infliction of emotional distress. Western CT Page 1128 argues that the plaintiff does not allege conduct that is extreme and outrageous to support his claim for emotional distress. Western also argues that an emotional distress claim, based upon employment termination, requires that the plaintiff allege conduct which amounts to more than the termination itself. Specifically, Western argues that the extreme and outrageous conduct should relate to the manner of the discharge, notably whether the employer's conduct during the termination was unreasonable. Western further argues that the manner of the plaintiff's termination, a letter sent to his address stating that he was being terminated and the reasons therefor, was not extreme and outrageous. The plaintiff did not respond to Western's motion to strike this count.[2]
"In order for the plaintiff to prevail in a case for liability under . . . [the intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.) DeLaurentis v. New Haven, 220 Conn. 225, 266-67,597 A.2d 807 (1991). "All four elements must be pleaded in order to survive a motion to strike." Wargat v. New London Motors, Inc., Superior Court, judicial district of New London at New London, Docket No. 528715 (August 30, 1994, Hurley, J.).
"Whether the defendant's conduct and the plaintiff's resulting distress are sufficient to satisfy . . . these elements is a question, in the first instance, for [the] court. Only where reasonable minds can differ does it become an issue for the jury." (Internal quotation marks omitted.) Bell v. Board ofEducation, 55 Conn. App. 400, 409-10, ___ A.2d ___ (1999). "So far as it is possible to generalize from the cases, the rule which seems to have emerged is that there is liability for conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind. . . . Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community CT Page 1129 would arouse his resentment against the actor, and lead him to exclaim, Outrageous!" (Citations omitted; internal quotation marks omitted.) Mellaly v. Eastman Kodak Co., 42 Conn. Sup. 17, 19-20, 597 A.2d 846 (1991). "[A] line can be drawn between the slight hurts which are the price of a complex society and the severe mental disturbances inflicted by intentional actions wholly lacking in social utility." (Internal quotation marks omitted.) Whelan v. Whelan, 41 Conn. Sup. 519, 522, 588 A.2d 251
(1991).
In the present case, the plaintiff fails to allege either that Western's conduct exceeded all bounds of decency or that it was calculated to cause, and did cause, serious emotional distress. See Mellaly v. Eastman Kodak Co., supra, 42 Conn. Sup. 19-20. Indeed, the plaintiff's allegations that Western intentionally inflicted emotional distress because he was wrongfully terminated based on his age fails to rise to the level of extreme and outrageous conduct. See Dixon v. Yale University, Superior Court, judicial district of New Haven at New Haven, Docket No. 396723 (August 4, 1999, Levin, J.). In Dixon v. YaleUniversity, the court stated: "While discrimination in employment on the basis of age is tortious, the plaintiff has failed to allege any conduct that is extreme or outrageous. In attempting to state a cause of action for intentional infliction of emotional distress, [i]t has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by malice, or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." (Internal quotation marks omitted.) Id. Therefore, the court finds that the plaintiff has not alleged the four elements required to support a claim for intentional infliction of emotional distress. See DeLaurentis v. New Haven, supra, 220 Conn. 266-67; Wargat v. New London Motors, Inc., supra, Superior Court, Docket No. 528715. Accordingly, count twenty-two is stricken.
2. Count Twenty-Five
Western moves to strike count twenty-five on the ground that the plaintiff's allegations of unauthorized disclosure do not satisfy the requirement of extreme and outrageous conduct. The plaintiff, however, argues that writing the termination letter on a third-party's letterhead is not the basis for his complaint. Rather, the plaintiff argues that the disclosure of his private CT Page 1130 employment matters to People's Bank, a prominent financial institution in his community, constitutes extreme and outrageous conduct.
Count twenty-five fails to allege the elements required to support a claim for intentional infliction of emotional distress. See DeLaurentis v. New Haven, supra, 220 Conn. 266-67. Indeed, the plaintiff fails to allege to whom his private employment information was disclosed. (See Part II A of this memorandum.) Although the plaintiff attempts to incorporate a letter, written on People's Bank letterhead, as support for his claim; (see Plaintiff's Exhibit B); he fails to allege facts in support of his disclosure claim. Moreover, Western's conduct of writing the plaintiff's termination letter on a third party's letterhead does not satisfy the requirement of conduct especially calculated to cause mental distress of a very serious kind. See DeLaurentis v.New Haven, supra, 220 Conn. 267; see also Whelan v. Whelan, supra, 41 Conn. Sup. 522. Since count twenty-five fails to allege disclosure on the part of Western, it follows that there is no outrageous conduct alleged. Therefore, the plaintiff fails to allege the four elements of intentional infliction of emotional distress. See DeLaurentis v. New Haven, supra, 220 Conn. 266-67;Wargat v. New London Motors, Inc., supra, Superior Court, Docket No. 528715. Accordingly, Western's motion to strike count twenty-five is granted.
 E. Connecticut Unfair Trade Practices Act (CUTPA)
Western moves to strike count twenty-four arguing that a claim under CUTPA, General Statutes § 42-110g(a), requires allegations of an ascertainable loss. Western further argues that since the plaintiff fails to allege any ascertainable loss resulting from its failure to file a trade name certificate, the count should be stricken. Moreover, Western argues that General Statutes § 35-1[3] was intended to protect an employer's creditors not its employees. The plaintiff does not respond to Western's motion to strike this count.
General Statutes § 42-110g(a) provides in pertinent part: "[A]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action . . . to recover actual damages." (Emphasis added.) "CUTPA provides that [n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices CT Page 1131 in the conduct of any trade or commerce. . . . In order to enforce this prohibition, CUTPA provides a private cause of action to [a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a [prohibited] method, act or practice. . . ." (Citation omitted, internal quotation marks omitted.) Abrahams v.Young § Rubicam, Inc., 240 Conn. 300, 306, 692 A.2d 709 (1997). "[T]he ascertainable loss requirement is a threshold barrier which limits the class of persons who may bring a CUTPA action seeking either actual damages or equitable relief. . . . An ascertainable loss is a deprivation, detriment [or] injury that is capable of being discovered, observed or established. . . . [A] loss is ascertainable if it is measurable even though the precise amount of the loss is not known. . . . Under CUTPA, there is no need to allege or prove the amount of the ascertainable loss." (Citations omitted, internal quotation marks omitted.) Service Road Corp. v. Quinn, 241 Conn. 630, 638-39,698 A.2d 258 (1997).
Here, the plaintiff fails to allege that he suffered an ascertainable loss such as a deprivation, detriment or injury, which resulted from Western's failure to file a trade name certificate. Rather, he merely alleges that Western's failure to comply with General Statutes § 35-1 is an unfair trade practice. Therefore, the plaintiff fails to sufficiently allege a claim under General Statutes § 42-100g(a). See Service Road Corp. v.Quinn, supra, 241 Conn. 638. Accordingly, count twenty-four is stricken.
 CONCLUSION
Based upon the foregoing, Western's motion to strike is granted as to counts three, six, twenty-two, twenty-four, and twenty-five of the plaintiff's amended complaint dated December 29, 1998, for failure to state claims upon which relief can be granted. The motion to strike counts sixteen and twenty of the plaintiff's amended complaint dated December 29, 1998, is denied.
SKOLNICK, J.