[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF CASE
This is a dispute between the plaintiff, an excavating contractor, and the defendants Patrick Dowling, Danielle Boileau and Steve Davis. Dowling and Boileau are the homeowners who hired Davis as their general contractor to construct a one-family residence on a three acre site in Wallingford at 94 Northford Road. Davis hired the plaintiff to do site work for an agreed upon price of $19,450.00. The plaintiff is suing to recover a balance of $6,650.00 he claims is due in a four count complaint. This figure represents the final payment due, $4,450.00, and $2,200.00 for materials purchased for the defendant owners.
The defendants have responded with a general denial and a series of 19 special defenses largely encompassing the general denials. A five count counterclaim follows, alleging breach of written contract, "oral contract," negligence, fraud and CUTPA.
The plaintiff has responded with general denials.
The first count of the complaint was withdrawn before the trial commenced as it involved a mechanic's lien filed by the plaintiff. The lien had been released with substitution of a cash bond held in escrow.
 DISCUSSION I. CT Page 13627
On the three surviving counts, the second is against Davis for materials furnished and services rendered. The third count is against the property owners for unjust enrichment and the fourth count also alleges unjust enrichment, but it is directed at only Patrick Dowling and Steve Davis.
There is no reason for the unjust enrichment count against Davis as he is a party to the contract and the case has been pleaded as a contract action. Unjust enrichment is applicable where no remedy is available under a contract. Providence Electric Co. v. Sutton Place, Inc.,161 Conn. 242, 246 (1971). The fourth count is dismissed.
Examining the contract terms and considering the evidence presented, the court finds that the plaintiff substantially performed the contract. He admits he failed to complete the driveway swale because the defendants had been trying to reduce the contract amounts. He values this work at a nominal amount, while the defendants' expert, who also completed the grading of site, said he had three men spend a half a day at this chore. Neither side presented a precise description of this work, its demands and an itemization of its cost, nor of the other portions of the work, such as the spreading of the top soil. That item was disputed.
Turning to the other major item of dispute, the court must interpret a portion of the contract for the site work, Exhibit B. The pertinent language is as follows:
 "Back fill and rough grade around foundation. Back wall (upslope side) will be graded 25' away from wall, swaled and pitched away from house."
The parties disagree as to what this means, with the plaintiff claiming he performed this part of the work. The defendants argue a flat area 25 feet wide was to he created from the end of the house and then the steep slope was to be re-graded so a rider mower could be run up and down the area after seeding for a lawn.
Confronted with these two conflicting versions, the court finds the plaintiff's explanation the more reasonable and logical interpretation of the contract language. The plaintiff actually performed more than the contract called for, grading and sloping well beyond 25 feet.
The special defenses are disallowed except to the extent that the defendants are entitled to a setoff for the incomplete driveway swale and the spreading of top soil around the house. CT Page 13628
The court finds a proper award to the defendants to be $3,000.00, leaving a balance in favor of the plaintiff of $3,650.00.
 II.
Turning next to the counterclaims, the defendants have alleged defective workmanship with respect to the site areas discussed above and addressed by the court in Section I. They also include the allegation as to the installation of the septic tank system. No evidence was presented as to this system's inadequacies. The oral contract count was never addressed as a separate claim. Finally, the court heard nothing in support of the counts sounding in negligence, fraud, or CUTPA.
The counterclaims are disallowed with the comment that this style of pleading invites the sanctions of § 10-5 of the Practice Book.
 CONCLUSION
Judgement may enter for the plaintiff to recover of the defendant Steve E. Davis on the second count the sum of $3,650.00.
Judgment may enter for the plaintiff to recover of the defendants Patrick Dowling and Danielle Boileau on the third count the sum of $3,650.00.
The court will hear the parties on the plaintiff's prayer for relief under § 52-249 (a) of the General Statutes regarding attorney's fees.
Legal interest on the sum of $3,650.00 is awarded from October 15, 1998.
Anthony V. DeMayo Judge Trial Referee