[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR SUMMARY JUDGMENT
 I Procedural History
On August 10, 2001, the plaintiff, LC Europa, Inc., filed an amended complaint against the defendants, Trataros Construction, Inc. (Trataros), and the town of Southington (the town). The first count alleges breach of contract against Trataros, the general contractor for the town on a construction project at the William M. Strong School, for failure to pay to the plaintiff, a subcontractor of Trataros, the sum of CT Page 6898 $120,432.45 for labor and materials for asbestos abatement supplied by the plaintiff. The second and third counts allege unjust enrichment against Trataros and the town, respectively.
On December 27, 2001, the town filed an answer to the amended complaint in which it denied that it had failed to make payment for labor and materials furnished under its contract with the general contractor, alleging that its payment was made to the general contractor. Thereafter, on January 14, 2002, the town filed a motion for summary judgment as to the third count of the amended complaint accompanied by a memorandum of law and an affidavit of James M. Bowes, the finance director of the town. The plaintiff did not file an opposing memorandum or other documentation.
 DISCUSSION
"Practice Book . . . [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citation omitted; internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381,385-86, 752 A.2d 503 (2000). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted). Witt v. St. Vincent's Medical Center, 252 Conn. 363,368, 746 A.2d 753 (2000). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988). "The existence of the genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence." (Internal quotation marks omitted.) Pion v. SouthernNew England Telephone Co., 44 Conn. App. 657, 663, 691 A.2d 1107 (1997).
In support of its motion for summary judgment, the town contends that, to prevail on a claim for unjust enrichment, the plaintiff must show not only that the town received a benefit, but also that the town was unjustly enriched. The town argues that the plaintiff cannot sustain its burden of proving that the enrichment to the town was unjust in light of the fact that the town made payment to Trataros, the general contractor. In support of its position, the town offers the affidavit of Bowes, who attests that the town entered into a contract with Trataros to build an CT Page 6899 addition and perform remodeling work, including asbestos abatement, at a school and that the town has paid Trataros in full for the work performed. Bowes further attests that the town has never entered into any direct contract with the plaintiff to perform work at the school.
"A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another. . . . Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefitted, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." (Citations omitted; internal quotation marks omitted.) Barbara Wiesman, Trustee v. Kaspar, 233 Conn. 531, 550,661 A.2d 530 (1995).
In the present case, it is undisputed that the town has clearly derived a benefit from the plaintiff's subcontract with Trataros: the plaintiff performed asbestos abatement services at a school. It is a well established principle, however, that "[i]f . . . [the property owner] has paid its contractor . . . for those [services], then the enrichment, in the absence of fraud, has not been unjust." Providence Electric Co. v.Sutton Place, Inc., 161 Conn. 242, 246-47, 287 A.2d 379 (1971); see alsoGarwood Sons Construction Co. v. Centos Associates Ltd. Partnership,8 Conn. App. 185, 188, 511 A.2d 377 (1986); Scinto v. Derman,33 Conn. Sup. 754, 756, 370 A.2d 1093 (1976) (Appellate Session).
In the case of Scinto v. Derman, supra, 33 Conn. Sup. 754, the plaintiff subcontractor contracted with the general contractor, who was building the defendant's residence, for carpentry services on the dwelling. Id., 754, 756. After nonpayment, the plaintiff sued the defendant for unjust enrichment. Id., 754. The court, in vacating the trial court's judgment for the plaintiff and directing judgment for the defendant, held: "In order to recover on his claim of unjust enrichment the plaintiff was obliged to establish not only that the defendant was benefitted but also that the benefit was unjust. The fact that the plaintiff had not been paid would not make the benefit unjust. In the absence of fraud and collusion, neither of which the plaintiff claims, the plaintiff would have to show that the defendant had not paid the general contractor for the claimed benefit. Providence Electric Co. v.Sutton Place, Inc., supra, [161 Conn.] 246. The record before us contains no such finding. That being so, there was no basis for the court's finding that the defendant was unjustly enriched. . . ." Scinto v.Derman, supra, 756.
Similarly, in the present case, the plaintiff does not submit any CT Page 6900 evidence that the town did not pay its general contractor, Trataros, for the asbestos abatement services. Further, the plaintiff does not submit any evidence of fraud or collusion. To the contrary, the town has submitted Bowes' affidavit stating that the town contracted with Trataros for, among other things, asbestos abatement and that the town has fully paid Trataros for the work performed at the school. Therefore, the plaintiff having failed to submit any evidence establishing the existence of any genuine issue of material fact as to lack of payment, fraud or collusion, the town is entitled to judgment as a matter of law. Accordingly, the town's motion for summary judgment as to the third count should be granted.
 III CONCLUSION
The plaintiff's motion for summary judgment as to the third count is granted.
By The Court
Peter Emmett Wiese, J.